TERRITORY, Defendant in Error, *v.* GODFREY, Plaintiff in Error.

1. **Rape — Assault with Intent to Commit Felony — Indictment — Sufficiency.**
   An indictment under § 292, Pen. C., prescribing a penalty for one "who is guilty of an assault with intent to commit a felony," which charged that James Godfrey, at, etc., in and upon the person of Mary Lauterbach, a female child under the age of seven years, did make an assault, and her, the said Mary Lauterbach, did ill treat, with an intent to ravish and carnally know her, the said Mary Lauterbach, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the Territory of Dakota; *held*, sufficient on objection to evidence under it, and on motion in arrest of judgment.

2. **Criminal Law—Witnesses — Competency.**
   Under § 256, Crim. Pro., providing that an indictment must be set aside

when the names of the witnesses examined before the grand jury are not indorsed on the indictment, it is not error to permit witnesses whose names are not found on the indictment to testify for the prosecution on the trial.

**3. Same — Evidence — Competency.**

On an indictment for assault with intent to commit a rape on a child six years old, the court permitted the mother to testify that the child made immediate complaint of the assault, and also that she complained of pain in her abdomen. *Held,* proper.

(Argued and determined at the February Term, 1888.)

ERROR to the district court, Beadle county; Hon. JAMES SPENCER, Judge.

The various statutes relative to the case and the indictment are stated in the head-notes.

The court below, over defendant's objection, permitted two witnesses whose names were not indorsed on the indictment to testify in chief for the territory. The defendant had no previous notice these witnesses would be called, and he claimed, from all of the evidence brought to this court, they were two of the most important witnesses for the prosecution.

The mother of the prosecuting witness (a child six years old) testified that the child made an immediate complaint of the assault's having been made, and also complained of pain in her abdomen.

*Mouser & Vollrath* and *E. A. Morse,* for plaintiff in error.

1. The indictment does not state a public offense. § 292, Pen. C. Whether the charge is a felony or misdemeanor must appear from the indictment. People v. War, 20 Cal. 117. At common law an assault with intent to commit a felony was a misdemeanor. 1 Whart. Cr. L., § 645. If it was intended to charge a felony, of which the defendant was tried and convicted, the omission of the word "feloniously" was fatal. Sullivant v. State, 3 Eng. 400; State v. Scott, 72 N. C. 461; Williams v. State, 8 Humph. 585; Stout v. Commonwealth, 11 S. & R. 177; 1 Arch. Cr. Pr. (8th ed.) 1012, n.

2. The court erred in permitting the two witnesses whose names were not indorsed on the indictment to testify. §§ 209, 256, Crim. Pro. The defendant before the trial is at least entitled to be informed who will be the witnesses against him in chief. People

v. Quick, 25 N. W. Rep. 302; Gales v. People, 14 Ill. 435; Gardner v. People, 3 Scam. 89; Stevens v. State, 28 N. W. Rep. 304; Parks v. State, 31 id. 5. This rule was not only disregarded, but abused in this case. These were two of the most important witnesses for the prosecution, and defendant was taken by surprise.

3. Permitting the mother to relate what was said to her by the prosecutrix was error. Nothing more than the mere fact of the complaint should have been permitted. 1 Whart. Cr. L., § 566; Roscoe, 26; People v. Graham, 21 Cal. 261; 2 Russ. (6th ed.) 751; People v. McGhee, 1 Den. 21; Johnson v. State, 17 Ohio, 593.

*Chas. F. Templeton, Attorney-General,* for defendant in error.

1. The indictment was sufficient. §§ 4, 212, 214, 215, 221, 222, 223, 224, 537, C. Cr. Pro.

2. The accused had no right to be furnished with a list of the witnesses. Counsel cite authorities only from states where there is a statutory obligation to do this. A failure even to apprise him of those before the grand jury affected no substantial right. People v. Symonds, 22 Cal. 348.

3. The court allowed the mother to testify only to the fact of complaint, and of what complaint was made. Neither the conversation, nor the name of the person complained of was stated. The action of the court could be sustained under the narrowest limitation of the rule. Holst v. State, 23 Tex. App. 1. From the age of this child we are inclined to think the whole conversation was admissible. See People v. Gage (Mich.), 28 N. W. Rep. 835; People v. Brown, 53 Mich. 531; Brown v. People, 36 id. 203; McCoombs v. State, 8 Ohio St. 643; Burt v. State, 23 id. 394.

By the Court:

1. The indictment was sufficient in form.

2. The court did not err in permitting witnesses to testify whose names were not on the indictment.

3. The court did not err in permitting the mother to testify to the fact of immediate complaint after the assault. The judgment is affirmed. All concur.