## STATE V. STEVENS.

The statute, (Section 7236, Comp. Laws,) requiring the names of the witnesses, upon whose evidence the indictment is found, to be inserted at the foot of it, or to be indorsed upon it, is mandatory, and a disregard of the requirement is sufficient ground to authorize the court, upon proper motion, made in apt time, to quash the indictment.

(Syllabus by the court.   Argued Oct. 21, 1890.   Opinion filed Jan. 10, 1891.)

Error to circuit court, Codington county.   Hon. J. O. AN-DREWS, Judge.

The facts and nature of the proceedings are fully stated in the opinion.

*Robert Dollard*, Attorney General, and *J. E, Mellette*, for plaintiff in error.

The names of the material witnesses only and those relied upon to sustain the indictment, need be inserted at the foot of the indictment under the provisions of Section 7236, Comp. Laws.   Calaveras Co. v. Brockway, 30 Cal. 326; People v. Symonds, 22 Cal. 340; People v. Freeland, 6 Cal. 96; State v. Cook, 1 Pac. 32; State v. Teissedre, 2 Pac. 650; State v. Hollingsworth, 6 S. E. 417; State v. Shores, 7 S. E. 414; Com. v. Minor, 13 S. W. 5; People v. Northey, 19 Pac. 865; Steele v. State, 1 Tex. 142; Herd v. State, 57 Ind. 8; Wau Kon-Chaw-neek-Kaw v. United States, 1 Morr. 332.

No appearance for defendant in error.

BENNETT, J.   The defendant was indicted at the May,

1890, term of the circuit court of Codington county for obtaining money under false pretenses.   He moved to quash the indictment for the reason that the names of two certain witnesses, whom he alleges were examined by the grand jury in relation to the case, were not indorsed upon the indictment prior to its return.   The court sustained the motion, whereupon the state appealed.

Section 7236, Comp. Laws, says:   "When an indictment is found, the names of the witnesses examined before the grand jury must, in all cases, be inserted at the foot of the indictment, or indorsed thereon, before it is presented to the court."   The statute requiring the names of the witnesses upon whose evidence the indictment is found to be inserted at the foot of it, or to be indorsed upon it, is mandatory. and a disregard of this requirement is sufficient ground to authorize the court, upon proper motion, made in apt time, to quash the indictment. Section 7283, Comp. Laws, says:   "The indictment must be set aside by the court in which the defendant was arraigned, and upon his motion in either of the following cases:   *   *   *   (2) When the names of the witnesses examined before the grand jury are not inserted at the foot of the indictment or indorsed thereon."   This provision of the statute but emphasizes the mandatory character of Section 7236.   It must be presumed that this requirement was made for some just and wise purpose.   No doubt the object was for the benefit of the accused; to give him the opportunity of knowing who were his accusers, ana by whom the state expected to establish the charge preferred. in order that he might be the better prepared to meet it.   To protect the innocent and punish the guilty, are the two great objects to be kept in view in the administration of criminal jurisprudence.   While, upon the one hand, the law will hold the offender to a strict accountability, it should, upon the other, extend to the accused all possible facilities for a fair, full, and impartial trial.   The names of the witnesses upon the indictment will inform him of the authors of the prosecution, and thus enable him to prepare for his defense.   For his benefit

the crime as charged is required to be clearly and distinctly stated, and it is quite as necessary that he should know who the witnesses are by whom it is expected the indictment is to be sustained. A person indicted would be put to great disadvantage and hazard when called upon to answer if he were ready for trial, if he was in ignorance of the information as required by this statute. On the other hand, it is for the benefit of the state that the requirement of this statute should be enforced. It is often the case that the state's attorney, who is present investigating the case before the grand jury, and who draws the indictment does not try the case. By a compliance with this statutory requirement, a permanent record of the persons upon whom the state relies to prove the indictment is made; hence the necessity of an observance of this plain and statutory provision.

The attorney for the state contends that these provisions are directory and not mandatory, and calls our attention to a number of state decisions upon statutes similar to our own upon this subject, holding them to be directory. An examination of the statutes upon which these decisions are rendered will disclose the fact that, in none of these states, statutory provisions exist declaring what the effect of an omission to indorse the names of witnesses upon whose testimony the indictment was found, shall be. Our statute not only says that the "names of the witnesses examined before the grand jury must in all cases be inserted at the foot of the indictment or indorsed thereon," but it also declares that the indictment must be set aside upon proper motion when this is not done. Nothing can be more emphatic. The statute is a command, coupled with a penalty. The fact that the names of all the witnesses upon whose testimony the indictment was found were not inserted at the foot of it, or indorsed upon it, is not disputed. The question of the materiality of their testimony cannot be raised, because a court is precluded from going into that question to ascertain that fact. If witnesses were examined at all before the grand jury upon a case, and an indictment is afterwards found against the party accused, the presumption is that all

the testimony offered by all the witnesses had contributed to sustain the allegations of the indictment. The order of the court below in setting aside the indictment must be affirmed. All the judges concurring.