[No. 20903.   Department One. — August 25, 1892.]

## THE PEOPLE, RESPONDENT, v. CHARLES H. FAULKE, APPELLANT.

CRIMINAL LAW — TRIAL — REMARKS BY DISTRICT ATTORNEY — BILL OF EX-
CEPTIONS — SPECIFICATION OF ERROR NOT SHOWN. — A specification of
error in a bill of exceptions in a criminal case, as to certain remarks
claimed to have been made by the district attorney in his closing argu-
ment to the jury, outside of the evidence in the case, and prejudicial to
the defendant, will not be considered where the bill of exceptions does
not show, other than by such specifications, that the district attorney did,
in fact, make such remarks.

ID. — DISPUTE AS TO TESTIMONY — PROVINCE OF JURY — REPORTER'S NOTES
— DIRECTION OF COURT. —Where the district attorney, in making his
closing argument to the jury in a criminal prosecution, made a statement
respecting certain evidence, which was disputed by the attorney for the
defendant, who thereupon asked the court to direct the stenographer to
read the testimony in that regard, the action of the court in denying
the request, and stating that the jury had heard the witness, and that
it was their province to determine what he testified to, is not error,
if the court afterward told the jury that they were the exclusive judges
of what the witness had testified to, but if any of them were in doubt
as to the testimony, he would have the reporter read it to them.

ID. — TESTIMONY OF DEFENDANT — INSTRUCTION. — Where the defendant in
a criminal prosecution has been examined as a witness in his own be-
half, it is not error to instruct the jury that he had a right to do so, and
that they were to consider his testimony as they would that of any other
XCVI. CAL.—2

witness; but that they should bear in mind the position of the defendant, the manner in which he would be affected by their verdict, and the very great interest he must feel in the result of the trial, and how it might affect his credibility or color his testimony,

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order denying a new trial.

The following is the instruction given by the court and referred to in the opinion: "The defendant has been examined as a witness in his own behalf. It is his right to do so, and you will consider his testimony as you would that of any other witness examined before you. It is proper, however, to suggest, and for you to bear in mind, the position of the defendant, the manner in which he will be affected by your verdict, and the very great interest he must feel in the result of this trial, and how it may affect his credibility or color his testimony." Further facts are stated in the opinion of the court.

*C. H. Clement*, for Appellant.

*Attorney-General W. H. H. Hart, Deputy Attorney-General W. H. Layson*, and *District Attorney V. A. Scheller*, for Respondent.

HARRISON, J.—The appellant was convicted of grand larceny, and has appealed from the judgment and an order denying him a new trial. In the bill of exceptions there is assigned as error certain remarks claimed to have been made by the district attorney in his closing argument to the jury, outside of the evidence in the case, and prejudicial to the defendant, but as the bill of exceptions does not show, other than ·by these specifications, that the district attorney did, in fact, make such remarks, we cannot consider the matter. Specifications of error are the act of the attorney, annexed to a bill of exceptions after the trial, and are for the purpose of pointing out the particulars in which errors were com-

mitted at the trial. The matters to which such specifi-
cations point must be found in the substantive portion
of the bill of exceptions; otherwise they cannot be con-
sidered.

After the testimony had closed, and while the district
attorney was making his closing argument to the jury,
he made a statement respecting certain evidence, which
was disputed by the attorney for the defendant, who there-
upon requested the court to direct the stenographer to
read the testimony of the witness in that regard. The
court denied the request of counsel, stating that the jury
had heard the witness, and that it was their province to
determine what he testified to, to which ruling and re-
marks the defendant excepted. After the district at-
torney had completed his argument, the court said to
the jury that they were the exclusive judges of what the
witness had testified to, but if any of them were in doubt
as to what any witness testified to, if they desired he
would have the reporter read the testimony.

There was no error in this action of the court. It
would seriously interfere with the orderly conduct of a
trial if the court were to interrupt counsel in their
address to the jury, by causing the evidence upon any
controverted point to be read to them from the reporter's
notes, whenever the opposing counsel should claim that
the evidence was not correctly stated. The jury who
heard the testimony must be presumed as able to deter-
mine whether it is correctly stated to them by counsel
as to weigh the arguments that are based thereon, and
unless some one of that body desires to be assured upon
the controverted point, there is no occasion for a repe-
tition of the evidence. If the court is itself of the
opinion that the evidence is being misrepresented, it
will, of its own motion, or upon a suggestion to that
effect, cause the proper corrections to be made; but its
omission to do so carries with it the presumption that
no misrepresentation was made. The subsequent offer
of the court to allow the testimony to be read for the
purpose of resolving any doubt that there might be with

the jury gave to the defendant every advantage that he could have asked.

The instruction given by the court in reference to the manner in which the jury should consider the testimony of the defendant, in view of the fact that he would be seriously affected by their verdict, does not differ appreciably from that on the same subject, which was approved by this court in *People* v. *Knapp*, 71 Cal. 10, and for that reason it cannot be regarded as error. If the question was before us as a new proposition, we should be inclined to hold that it was an instruction upon the weight of evidence, and in violation of the constitutional provision which declares that "judges shall not charge juries with respect to matters of fact," and that a court would be justified in refusing to give such an instruction.

An instruction of this character was first approved in *People* v. *Cronin*, 34 Cal. 191, and as was said in *People* v. *Murray*, 86 Cal. 35, has been since approved so many times that it is too late now to question its correctness; but it is an instruction that can rarely be necessary, since, if its matter was not presented to the jury in the argument of the respective counsel, their own power of reasoning would impress them with all that is expressed in its terms. While a district attorney, in the zeal of his official position, may ask for such an instruction, under the impression that it will have more weight with the jury if it comes from the court than if merely presented by him in argument, yet the court is not required to lend its aid to such zeal; and if district attorneys, as well as courts, would be careful, while framing instructions, not to tread upon that dangerous border-land which lies between matter of fact and matter of law, the result of the trial would rarely be changed, and the occasion for an appeal would be avoided. After a proposition of law involved in an instruction has been often approved upon appeal, the trial court will obviate further appeal thereon if it will limit its instruction upon that proposition to the terms in which it has been approved, rather than attempt a variation upon such terms. Many

of the appeals which we are called upon to consider involve only the necessity of determining the effect of such variation, and the reversal of a judgment is often caused by the introduction of some phrase or expression which appears to result, not so much from a purpose to present a different proposition of law, as from a desire to express that proposition in different language.

We cannot review the conflicting evidence for the purpose of determining whether the jury came to a correct conclusion thereon, and as we find no error in the instructions of the court, the judgment and order are affirmed.

Paterson, J., and Garoutte, J., concurred.