[20939. In Bank.— May 16, 1893.]

THE PEOPLE, RESPONDENT, *v.* DANIEL BEMMERLY, APPELLANT.

CRIMINAL LAW — NEW TRIAL — SEPARATION OF JURY — DRINKING INTOXICATING LIQUORS — SHOWING REQUIRED. — The mere fact that certain jurors in a criminal prosecution, in violation of the direction of the trial judge and before the final submission of the case, separated from the others and from the officer who had them in charge, and that some of them drank intoxicating liquors, does not of itself entitle the defendant to a new trial, in the absence of a showing that any one of the jurors was influenced in his verdict by some outside influence, or in consequence of such separation, or was affected by the liquor which he drank, or that the quantity and character of liquor was such as would presumptively affect his capacity as a juror.

ID. — CROSS-EXAMINATION OF DEFENDANT — REPORTER'S NOTES OF FORMER TESTIMONY — BILL OF EXCEPTIONS — STATEMENT OF EVIDENCE IN ASSIGNMENT OF ERROR. — Where the bill of exceptions upon an appeal from a judgment in a criminal prosecution merely shows that the court permitted the defendant to be cross-examined "upon the transcript of the reporter's notes of his testimony at the former trial," and none of the testimony is set out in the bill of exceptions, an objection that the court erred in permitting cross-examination upon matters not brought out in direct examination is not sustained by the record. The statement of such testimony in the assignment of errors cannot be regarded as a part of the record for such a purpose.

ID. — EVIDENCE OF INSANITY — BURDEN OF PROOF — PREPONDERANCE. — The burden
of showing insanity as a defense to crime is upon the defendant charged with
the crime, and it must be established by a preponderance of evidence.

APPEAL from a judgment of the Superior Court of Yolo
County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Craig & Hawkins, J. Craig, J. C. Ball, Eugene Aram, Reese
Clark,* and *J. E. Strong,* for Appellant.

The separation of the jury was such misconduct as entitled
the defendant to a new trial. (*Walker's Case,* 38 Tex. 367;
*Brown* v. *State,* 38 Tex. 483; *Commonw.* v. *Roby,* 12 Pick.
496; *Early* v. *State,* 1 Tex. App. 277; *People* v. *Backus,* 5 Cal.
275; *McLain* v. *State,* 31 Am. Dec. 573.) The drinking of
intoxicating liquors by the jurors was such misconduct as en-
titled the defendant to a new trial. (*People* v. *Lee Chuck,* 78
Cal. 332; *People* v. *Meyer,* 12 Pac. Rep. 720.)

*Attorney-General W. H. H. Hart, Deputy Attorney-General
W. H. Layson,* and *District Attorney R. E. Hopkins,* for Re-
spondent.

The affidavits of the jurors denying they were influenced are
conclusive on the court. The appellate court cannot disturb the
order of the trial court thereon. (*Epps* v. *State,* 102 Ind. 556;
*Long* v. *State,* 95 Ind. 486; *Clayton* v. *State,* 100 Ind. 204;
*Downer* v. *Baxter,* 30 Vt. 468; *People* v. *Hunt,* 59 Cal. 430;
*People* v. *Dye,* 62 Cal. 523; *People* v. *Goldenson,* 76 Cal. 352;
*People* v. *Murray,* 85 Cal. 361.) Such a showing must be
made as to enable the court to judge whether the conduct of
the jury was detrimental to the interests of defendant. (Pen.
Code, sec. 1404; *Medler* v. *State,* 26 Ind. 172; *Achey* v. *State,*
64 Ind. 64; *Newell* v. *Ayer,* 32 Me. 334; *State* v. *Stark,* 72
Mo. 40; *Wakefield* v. *State,* 41 Tex. 557; *People* v. *Williams,*
24 Cal. 24; *People* v. *Gaffney,* 14 Abb. Pr. N. S. 38.) Mere
separation without a showing of actual injury is unavailable.
(*People* v. *Wheatley,* 88 Cal. 114; *People* v. *Moore,* 41 Cal. 238;
*People* v. *Bonny,* 19 Cal. 445; *People* v. *Symonds,* 22 Cal. 353,
354; *People* v. *Kelly,* 46 Cal. 357; *People* v. *Boggs,* 20 Cal.

432; *People* v. *Colmere,* 23 Cal. 633; *People* v. *Dennis,* 39
Cal. 625; *Boyett* v. *State,* 26 Tex. App. 689; *Brister* v. *State,*
26 Ala. 108, 132; *State* v. *Babcock,* 1 Conn. 401; *Binns* v.
*State,* 35 Ark. 118; *State* v. *Stewart,* 26 S. C. 125; *Drew* v.
*State,* 124 Ind. 9.) The affidavit of a juror is inadmissible to
impeach his verdict. (*Clark* v. *Creditors,* 57 Cal. 639; *People*
v. *Deegan,* 88 Cal. 602; *People* v. *Gray,* 61 Cal. 183; 44 Am.
Rep. 549.) The moderate use of intoxicants will not vitiate a
verdict. (*People* v. *Deegan,* 88 Cal. 602.)

HARRISON, J. — The defendant was convicted of murder in
the second degree, and from the judgment upon such conviction
and an order denying a new trial he has appealed.

1. After the jurors had been impaneled and sworn to try the
cause, the court, upon its own motion, ordered them into the
custody of the sheriff during the progress of the trial, and
instructed the sheriff to keep them together, and not to speak
to any one or permit any other person to speak to them or in
their presence about the case; and also instructed them not to
drink any intoxicating liquors during the progress of the trial.

One of the grounds urged for a new trial and upon the appeal
is that before the final submission of the cause certain of the
jurors separated from the others, and from the officer who had
them in charge, and that certain of the jurors did before the
final submission of the case to them drink intoxicating liquors.

It appears that after an adjournment upon one of the days
while the cause was on trial, certain of the jurors, while upon
the street in company with the sheriff, joined a crowd of people
who were listening to the utterances of a street fakir, and were
for a few minutes out of the sight or custody of the sheriff;
that on a Sunday which intervened during the trial eight of the
jurors, in company with a deputy sheriff, attended church sepa-
rately from the remaining four, and that some of the other four
listened to the singing and preaching of the Salvation Army in
the streets of Woodland; that one of the jurors, in the com-
pany of a deputy sheriff, visited his place of business without
being accompanied by the others; that individual jurors were
several times during the trial separated from the body of jurors
for a few minutes at a time, and occasionally were out of sight

of the officer who had them in charge; that several of the jurors
at various times during the trial drank intoxicating liquors, and
at times engaged in conversation with other persons.    It was
not shown that anything was said to either of the jurors con-
cerning the case before them, or that they were at any time dur-
ing their separation guilty of any misconduct, or that they did
any act inconsistent with their duties as jurors.    The amount
or character of the intoxicating liquors which they drank is not
shown, nor the times or frequency of such drinking, and it was
not claimed that either of them was in any visible way affected
thereby.    Ten of the jurors were severally sworn before the
court, and denied that they had conversed with any person
respecting the case, or been influenced by any matter other than
the evidence before them, and those who drank the intoxicating
liquors denied that they had been affected thereby.    Two of the
jurors were not examined upon these points, but there was no
showing made against their conduct.

We cannot hold that these facts constituted such miscon-
duct as to justify setting aside the verdict.    The direction to
the sheriff to keep the jury together, as well as the instruction
to the jurors themselves not to drink any intoxicating liquors
during the progress of the trial, was for the purpose of having
the trial conducted in an orderly and discreet manner, and was
evincive of the desire of the court to prevent the jury from
being affected by any improper influences.    The ultimate object
of these instructions was not to keep the jury together, but to
prevent them from improper intercourse with others, and their
being kept together was merely a means of accomplishing this
ultimate purpose.    The direction of the court did not give to the
defendant the right to control the action of the jury or of the
officer in that respect during the pendency of the trial, nor
the right to any exception for error or misconduct by reason of
a failure to literally comply therewith.    The mere fact that the
direction of the court was violated does not give to the defend-
ant the right to have the verdict set aside.    He must show as
fully as if the direction had not been given that one or more of
the jurors was influenced in his verdict by some outside influence
during or in consequence of such separation.    Neither does the
mere fact that a juror drank intoxicating liquor during the trial

show that his verdict was affected thereby.  The defendant, in addition thereto, should show that the juror was affected by the liquor which he drank, or should at least show the quantity and character of the liquor, so that there might be a basis for the court to determine whether it would presumptively affect his capacity as a juror.

The failure on the part of the people to call two of the jurors to exonerate themselves from the charge of having been influenced in their verdict, by reason of the violation of the above direction of the court, does not strengthen the position of the defendant.  The burden of showing error was upon him, and in the absence of any showing that these two jurors had themselves drank any liquor, or conversed or been spoken to about the case, the people were not required to introduce negative testimony upon these points.

2.  It was held upon the appeal from the former trial of the defendant (87 Cal. 117), that the dying declarations of the deceased were properly received in evidence.  The testimony at the present trial concerning the circumstances under which they were made does not differ in any material respect from that presented upon the former trial.

3.  The objection that the court erred in permitting the district attorney to cross-examine the defendant upon matters not brought out in direct examination is not sustained by the record.  The bill of exceptions merely shows that the court permitted him to be cross-examined "upon the transcript of the reporter's notes of his testimony at the former trial."  In the absence of the testimony given by him, we cannot say that it was upon matters to which he did not testify at the present trial.  The statement of such testimony in the assignment of errors cannot be regarded as a part of the record for this purpose.  (*People* v. *Faulke*, 96 Cal. 17.)

4.  Objections are made by the appellant to some of the instructions given to the jury, but, after a careful examination thereof, we are unable to say that the court committed any error.  The instructions are very voluminous, occupying fifty pages of the printed transcript, and informed the jury very fully upon the law applicable to the defenses presented at the trial.  The chief argument of the appellant is directed to show-

ing that the court erred in instructing the jury upon the subject of insanity, and that the burden of showing that defense was upon the defendant and must be established by a preponderance of evidence.   This rule was, however, affirmed in *People* v. *Travers*, 88 Cal. 238, and cannot any longer be regarded as an open question in this state.

The judgment and order are affirmed.

McFarland, J., Fitzgerald, J., De Haven, J., and Paterson, J., concurred.

Rehearing denied.