## STATE V. BOUGHNER.

1. An indictment which charges that the accused, on the 4th day of July, A. D. 1893, "and at divers other days, both before and after that date," did unlawfully sell certain intoxicating liquors * * * to divers persons, whose names to the grand jury are unknown, charges but one offense. The clause, "and on divers other days," etc. may be rejected as surplusage.

2. Persons whose names are not indorsed upon the indictment may be examined as witnesses on the trial on the part of the state. The decision in the case of Territory v. Godfrey, 50 N. W. 481, 6 Dak. 46, followed.

3. By section 7374, Comp. Laws, the jury in criminal cases, except in case of libel, "are bound to receive as law what is laid down as such by the court." It was not error, therefore, on the part of the court, to refuse permission to the counsel for the accused to read the law to the jury.

4. The prohibition law of this state, so far as it relates to the unlawful sale of intoxicating liquors, was held constitutional in State v. Becker (S. D.) 51 N. W. 1018, and this court declines to consider the question of the constitutionality of other parts of the law, which in no manner affect the accused.

5. Where an indictment charges that intoxicating liquors were unlawfully sold to presons whose names are to the jurors unknown, and states the time and place and the nature of the liquors sold, it sufficiently designates and points out the offense, within the rule laid down in State v. Burchard (S. D.) 57 N. W. 491.

6. An indictment which charges the accused with unlawfully selling in-

toxicating liquors to persons to the jurors unknown, specifying the time and place, etc., states a public offense.

(Syllabus by the Court. Opinion filed June 2, 1894.)

Error to circuit court, Codington county, Hon. A. W. CAMPBELL, Judge.

S. N. Boughner was convicted of selling liquors illegally and brings error. Affirmed.

The facts are stated in the opinion.

*F. E. Van Liew* and *Bennett & Sheldon*, for defendant and plaintiff in error.

A defendant should have reasonable notice of the witnesses by whom it is expected the indictment is to be sustained. Comp. Laws, §7236; State v. Stearns, 1 S. D. 480; Const. Art. 6, § 2. In criminal cases the jury are the judges of the law, as well as the facts. State v. Croteau, 54 Am. Dec. 90; Patterson v. State, 44 Am. Dec. 530.

The law under which this action is brought is unconstitutional because it embraces more than one subject, all of which are not expressed in the title. Const. Art. 3 § 2, Sess. Laws 1890, 222; In re Hauck, 70 Mich. 396; Town v. Sanier, 59 Ia. 26; People v. Beadle, 60 Mich. 22; Holly v. State, 14 Tex. App. 505. It is unconstitutional because it imposes excessive fines and inflicts cruel punishments. Const. Art. 6 § 23; Sess. Laws 1890, 229 § 5; People v. Hang, 68 Mich. 549. The law is unconstitutional because it forbids importation. Sess. Laws 1890, 222 § 1; Const. Art. 24; Leisy v. Hardin, 135 N. S. 100; N. S. Const. Art. 1, § 8; Const. Art. 6, §§ 26 and 27.

The state should have elected as to the particular sale claimed to have been made by defendant upon which it would rely for conviction. State v. Lund, 31 Pac. 309; Bolt v. State, 38 N. W. 177; State v. Lund, 30 Pac. 309; Id. v. Guettler, 9 Pac. 200; Id. v. Laurence, 27 N. W. 126; Labkovitz v. State, 14 N. E. 363; State v. O'Connell, 2 Pac. 579; Id. v. Farmer, 10 S. E. 563; Goodhue v. People, 94 Ill. 37; State v. Brown, 12 N. W. 318; Id. v. Crummus, 2 Pac. 574; People v. Jennes, 5 Mich. 305.

*Lee Stover* and *Coe I. Crawford*, Attorney General, for plaintiff and defendant in error.

The indictment charges but one offense, the unlawful sale of intoxicating liquors. Comp. Laws, §§ 7245, 7248, 7249; State v. Findley, 77 Mo. 338; Id. v. Wambold, 72 Ia. 468; Block Intox. Liq. 459; Armington v. Comm. 12 S. E. 224; Savage v. Id., 563; New York v. Mason, 4 E. D. Smith 142; State v. Smith, 22 Vt. 74; Id. v. Heingie, 44 Mo. App. 403; Muslead v. State, 9 S. 737; Lee v. State, 64 Miss. 201; Kraenerr v. State, 106 Ind. 192; State v. Nations, 75 Mo. 53; Dausey v. State, 2 S. 692; Davis v. Id. 60 Ark. 17. The state may introduce evidence discovered subsequently to the finding of the bill. State v. McClintock, 8 Ia. 205; Id. v. Pierce, 8 Ia. 538; Keener v. State, 18 Ia. 194; People v. Jocelyne, 29 Cal. 562; State v. O'Day, 89 Mo. 559.

The law under which this action is brought is constitutional. State v. Becker, 3 S. D. 29; Id. v. Mitchell, 3 S. D. 223. No one can take advantage of the unconstitutionality of any provision of law who has no interest in, and is not affected by it. State v. Snow, 3 R. I. 64; Stickrod v. Jackson, 8 Cow. 543. It is not necessary under our law to allege in the indictment to whom the liquor was sold. Black on Intox. Liq. § 464; State v. Brown, 6 S. 638; Id. v. Bielby, 35 Kan. 271; Id. v. Schmeiter, 27 Kan. 499; Myers v. People, 67 Ill. 503; Id. v. Ringstead, 51 N. W. 519. It is sufficient for the jury to be satisfied beyond a reasonable doubt as to any sale which took place prior to the finding of the indictment and within the statute of limitations and the defendant cannot compel the State to elect as to the particular sale. Saunders v. State, 14 S. E. 570; State v. Cheswilt, 15 S. E. 412; Id. v. Tzarnicow, 20 Ark. 160; Id. v. Smith, 22 Vt. 74; Kock v. State, 32 O. St. 553; Stockwell v. State, 27 Id. 563. An indictment charging an offense in the language of the code creating it, or so plainly that the jury can clearly understand its nature, is sufficient. 1 Beshop Crim. Pro. § 611; People v. Sweeter, 1 Dak. 295; Cook v. State, 11 Ga. 53; People v. Paquin, 74 Mich. 34.

CORSON, P. J.   The plaintiff in error was indicted by the grand jury of Codington county for selling intoxicating liquors, tried and convicted, and has sued out a writ of error to obtain a reversal of same.   The material part of the indictment, omitting all formal parts, is as follows:   "The grand jury of the state of South Dakota, in and for the county of Codington, * * * on their oath do charge and present that one S. N. Boughner, late of said county, on the 4th day of July, A. D. 1893, and at divers other days both before and after said date, did, at and in the county of Codington and state aforesaid, unlawfully sell certain intoxicating liquors, to wit: whiskey and beer, to divers person, whose names to this grand jury are unknown, to be used and drank as a beverage, and were not so sold for medical, mechanical, sacramental, or scientific purposes."   The plaintiff in error demurred to the indictment upon the following grounds:   (1) That more than one offense is charged in the indictment;   (2) that said indictment is uncertain as to time. This demurrer was overruled.

As will be observed, the only objections raised by the demurrer to the indictment are that more than one offense is charged, and that the same is uncertain as to time.   We are of the opinion that only one offense is charged.   It is true, the accused is charged with selling intoxicating liquors on the 4th of July, 1893, "and at divers other days, both before and after said date."   This last clause in the indictment "may be rejected as surplusage."   Black, Intox. Liq. § 460.   Omitting the clause referred to, and the indictment states the time definitely, and states but one offense, namely, the sale of intoxicating liquors on that day.   On the trial witnesses were called and examined whose names were not upon the indictment, to which objection was taken, and this is assigned as error.   This question was decided by the late territorial supreme court in Territory v. Godfrey, 6 Dak. 46, 50 N. W. 481, and the court there held such evidence admissible.   We are of the opinion that the evidence was properly admitted, following the decision of that

case.  See, also, State v. Abrahams, 6 Iowa, 117; People v. Jocelyn, 29 Cal. 562; State v. O'Day, 89 Mo. 559, 1 S. W. 759.

It is also insisted that the evidence was not sufficient to prove that the liquors sold were intoxicating.  We think there was sufficient evidence to warrant a jury in so finding in this case.  The witness Weeks testified, that the ''beer that he got there at that time he should think was intoxicating if a man drank enough of it.''  This, in the absence of any conflicting evidence, was sufficient proof that the beer was intoxicating to warrant a jury in finding that such was its character.

It is also contended that counsel for the plaintiff in error should have been permitted to read the prohibition law to the jury.  We are of the opinion that the court ruled correctly in refusing counsel this privilege.  In this jurisdiction, except in cases of libel, the jury must take the law as given them by the court, in criminal as well as in civil cases.  Sections 7372 and 7374 read as follows:  ''The court must decide all questions of law which arise in the course of the trial.''  ''On the trial of an indictment for any other offense than libel, questions of law are to be decided by the court, and questions of fact are to be decided by the jury, and, although the jury have the power to find a general verdict, which includes questions of law as well as of fact, they are bound, nevertheless, to receive as law what is laid down as such by the court.''  The statutes having clearly defined the duties of juries in a criminal case, and provided that the jury ''are bound,  *  *  *  to receive as law what is laid down as such by the court,'' counsel have no legal right to read the law to the jury.  Whether or not the law, or any part of it, may be so read, is a matter of discretion with the trial court.

It is further contended that the law under which the plaintiff in error was indicted is unconstitutional.  The constitutionality of the law in controversy was so fully considered and discussed by this court in State v. Becker, 51 N. W. 1018, that we

do not deem it necessary to again go over the question. This court held in that case that all parts of the act which in any way effect the accused in this case were constitutional. It is not material to the accused whether other parts of the act are constitutional or not, as they in no way effect him. It is well-settled law that a part of an act may be held unconstitutional, and such part eliminated, leaving the balance of the act in force. The views of this court upon that question are fully expressed in Re Construction of Revenue Law, 58 N. W. 813. This court cannot be called upon to decide constitutional questions in which a party has no interest, and which do not effect his case. Hence we decline to consider the numerous objections taken to the law which in no way effect the accused.

It is further insisted that the indictment is insufficient, in that it fails to state the name of the person to whom the intoxicating liquors were sold. The grand jury state that the person to whom the liquors were sold was unknown to them In State v. Burchard, 57 N. W. 419, this court held that it was necessary to give the name of the person to whom the liquors were sold, or in some other manner to locate or point out the particular offense sought to be charged. But, if an indictment is not objected to on the ground that it is indefinite or uncertain in the court below, the objection cannot be made for the first time in this court. In that case the charge was general that the plaintiff in error sold intoxicating liquors, without specifying the person to whom sold or that sale was made to any person, or the nature of the liquor sold. And the objection to the admission of evidence under the indictment was that it was "indefinite and uncertain, and does not state facts that will enable a person of common understanding to know what was intended." It was upon this specific ground that the indictment was held insufficient. No such objection was made in this case in the court below. The objection taken in this case is stated in the abstract as follows: "Defend-

ant objects to any testimony being introduced in this case on the part of the state on the ground that the indictment does not state a public offense. But we are of the opinion that, if the objection had been taken at the proper time, and in the proper manner, the indictment is sufficient, and does designate and point out the offense with sufficient certainty. It states the time and place, and that the intoxicating liquors were sold to a person to the jurors unknown. This locates and points out the offense within the principle laid down in the Burchard Case.

It is also contended that "the indictment does not state a public offense." We cannot agree with the counsel in this contention. It states that the plaintiff in error unlawfully and at a designated time and place, and to some person to the jurors unknown, sold intoxicating liquors as a beverage. Such sale is in violation of law, and a public offense under the statute, unless the accused could show a legal right to make such sales; and the burden of showing such right rests upon the accused.

It is also assigned as error, that the court should have required the state's attorney to elect upon which sale he would rely. Upon an examination of the evidence, we are inclined to agree with the state's attorney that only one sale was proven upon which a conviction could have been had, and that was the sale testified to by Weeks. We must presume, therefore, that the jury found the plaintiff in error guilty of that sale only. The court, therefore, committed no error in refusing to require the state's attorney to elect, as there was really only one sale proven upon which a conviction could have been founded. We do not deem it necessary, therefore, to decide the question presented as to whether or not the request that the state's attorney elect upon which sale he would rely, should have been granted. Finding no error in the record, the judgment of the circuit court is affirmed.