## STATE V. CHURCH.

1. Section 7361, Comp. Laws, providing that "no person shall be disquali-
fied as a juror by reason of having formed or expressed an opinion
upon the matter or cause to be submitted to such jury, founded upon
rumor, statements in public journals, or common notoriety, provided it
appears to the court, upon his declaration, under oath or otherwise,
that he can and will, notwithstanding such opinion, act impartially
and fairly upon the matters to be submitted to him," commits to the
determination of the trial court as a question of fact whether or not
such proposed juror can and will act impartially and fairly, and its de-
cision upon such question will be treated with great respect by this
court, and only reversed where, in its opinion, such decision is plainly
wrong.

2. Section 7236, Comp. Laws, requires that the names of the witnesses ex-
amined before the grand jury shall be inserted at the foot of the
indictment, and section 7283 declares the effect of a failure to do so;
but neither they nor any other statute forbids the state to use on the
trial other witnesses than those examined before the grand jury, and
it is not error for the trial court to allow the examination of such
other witnesses.

3. The courts will take judicial notice that the drink known in this state as
"lager beer" is an intoxicating liquor.

4. An instruction abstractly wrong, but which is not applicable or perti-
nent to the case for the reason that there was no evidence calling for a
charge upon that point, is no ground for reversal where it is evident
that such instruction could not have misled the jury.

5. In this state the jury is not the judge of the law, but must take the law
from the court. Section 7374, Comp. Laws.

6. In a prosecution for alleged violation of the statute known as the "Pro-
hibitory Law" it is not error in the trial court to refuse to allow
defendant's counsel to read to the jury "the whole of said statute."

7. While a jury, during its deliberations upon its verdict, should not be
allowed to separate or hold communication with others, except by
permission of the court, still, where a temporary separation did occur,
"not to exceed five minutes at the outside," occasioned by an alarm of
fire in the courthouse, and nothing is shown to create a suspicion of
any improper approach to any juror, except such possible opportunity,
the refusal of the trial court to grant a new trial on that account will
not be reversed.

8. Where on their return from dinner in charge of a bailiff, one of the jurors

stepped into the door of a grocery, and picked up a package of tobacco, holding it to the view of a clerk, the bailiff and the other jurors standing at the door, no word having been spoken, and another juror, in passing another grocery, stepped in and ordered some goods to be sent to his home, the officer and other jurors remaining at the door, no conversation occurring with reference to the case on trial, the refusal of a new trial on that account will not be disturbed.

9.   This court will not examine or decide upon the constitutionality of an independent provision of a statute which does not affect the rights of the party raising such question.      State v. Becker, 3 S. D. 29, 51 N. W. 1018.

(Syllabus by the Court.   Opinion filed Oct. 6, 1894.)

Error to circuit court, Codington county. Hon. J. O. ANDREWS, Judge.

Indictment charging defendant with the offense of selling intoxicating liquors unlawfully.   The defendant was convicted and brings error.   Affirmed.

The facts are stated in the opinion.

*F. E. Van Liew,* and *Bennett & Sheldon,* for plaintiff in error.

When a juror has an opinion as to the guilt or innocence of a party being tried for crime which it would require evidence to remove, he should be excused if challenged.   People v. Mather, 4 Wend. 229; White v. Moses, 11 Cal. 69; Stevens v. People, 38 Mich 739; People v. Cottle, 6 Cal. 227; Collins v. People, 48 Ill. 145; Gray v. People, 26 Ill. 344; Stamp v. Commonwealth, 74 Pa. St. 458; Frayser v. State, 23 O. St. 551; Thompson & Merrian Jur. § 214.

The defendant should have sufficient notice of the witnesses who are to testify against him.   Comp. Laws, § 7236; State v. Stearns, 1 S. D. 480; Const. Art. 6, § 2.

It is necessary to show that what was sold was intoxicating to convict defendant.   Sess. L. 1890, p. 222, § 1 and p. 229, § 6; Blatz v. Rohebach, 22 N. E. 1049.  It was reversible error to instruct the jury that beer and lager beer are presumed to be intoxicating liquors.   Ran. v. People, 63 N. Y. 377; 1 Bish. Crim. Pro. 304; Lathrope v. State, 1 Am. Crim. R. 496; State

v. Biddle, Id. 490; People v. Hart, 24 How. 289. In criminal actions the jury are judges of the law as well as the facts. State v. Crotean; 54 Am. D. 90; Patterson v. State, 44 Am. D. 530.

It is ground for a new trial for the jury to be allowed to separate without leave of court after retiring to deliberate on their verdict. Comp. Laws, §§ 7406, 7450; Thompson & M. Jur., 318; State v. Dolling, 37 Wis. 396; State v. Parrant, 16 Minn. 178; Keenan v. State, 8 Wis. 132; Jumpertz v. People, 21 Ill. 375; Maher v. State, 3 Minn. 444; Sargent v. State, 11 Ohio 472; Eardy v. State, 1 Tex. App. 248; Wood v. State, 43 Miss. 364; State v. Populace, 12. La. 710; Morrow v. Comm. 21 Kan. 484; Daniel v. State, 56 Ga. 633.

The law under which this action is brought is unconstitutional because it embraces more than one subject, all of which are not expressed in the title. Sess. L. 1890, 222. In re Hauck, 70 Mich. 396; Tawn v. Sainer, 59 Ia. 26; People v. Bladle, 60 Mich. 22; Hally v. State, 14 Tex., App. 505. Said law is unconstitutional in that it imposes excessive fines and inflicts cruel punishments. Const. Art. 6, § 23; People v. Hang, 68 Mich. 549. The act is unconstitutional in that it provides that the finding of such intoxicating liquors upon such premises shall be *prima facie* evidence of the existence of the nuisance complained of. Sess. L. 1890, p. 236; State v. Beswick, 13 R. I. 211.

*Coe I. Crawford*, Att'y General, for defendant in error.

No objection to jurors will be considered in this court unless made to jurors who tried the case. Territory v. O'Hare, 1 N. D. 32; Carthans v. State, 47 N. W. 631; Spies v. People, 122 Ill. 1. A challenge to a juror for actual bias must be specific and definite. Comp. Laws, § 7358; People v. McCrade, 110 N. Y. 295; State v. Chapman, 47 N. W. 411; Freeman v. People, 4 Denio 9; Bonney v. Cocke, 16 N. W. 139; Id. v. Cochran, 61 Cal. 548; People v. Dick, 37 Cal. 277; State v. Michrath, 43 N. W. 211; People v. Bonig, 23 Pac. 421. Every presumption is in

favor of the decision of the court in overruling the challenge. Gultig v. State, 66 Ind. 94; State v. Cunningham, 8 Am. Conn. R. 69; Goin v. State, Id. 19; Anarchist's case, 123 U. S. 131; Marshall v. State, 22 Atl. 51.

It was not error for the court to instruct the jury that as a matter of law beer is an intoxicating liquor. State v. Brennan, 2 S. D. 384, 50 N. W. 625; State v. Grofmiller, 48 N. W. 445; Watson v. State, 55 Ala. 158; Meyers v. State, 93 Ind. 251; State v. Jenkins, 32 Kan. 477; State v. Teissedre, 30 Kan. 476; Ban v. People, 63 N. Y. 477. The courts take judicial notice of the fact that lager beer is a malt liquor and intoxicating. Bandelam v. People, 9 Ill. 218; State v. Valmer, 6 Kan. 371; State v. Geirsch, 98 N. C. 720.

*Lee Stover*, States Attorney, for defendant in error.

It is permissable in an indictment to charge the sale of spiritous, vinous and malt liquors, or fermented and distilled liquors, in one count. Lee v. State, 64 Miss. 201; Kreamer v. State, 106 Ind. 192; State v. Nations, 75 Mo. 53, Dausey v. State, 2 San. 692; Davis v. State, 50 Ark. 17. An indictment alleging that the defendant was a common seller of liquors on a day named, and on divers other days and times between that day and the finding of the indictment is not bad, as the surplusage may be rejected. Black Intox. Liq. 444; State v. Pillsbury, 47 Me. 449.

In criminal prosecutions the state is not confined to the evidence of the witnesses whose names are endorsed on the indictment. Territory v. Godfrey, 6 Dak. 46; State v. Abrahams, 6 Ia. 117; State v. McClintock, 8 Ia. 538; Keener v. State, 18 Ga. 194; People v. Joscelyne, 29 Cal. 562; State v. O'Day, 89 Mo. 559.

Beer and lager beer are presumed as a matter of law, to be intoxicating liquors. Bandale v. People, 90 Ill. 218; Housberg v. People, 120 Ill. 21; Netso v. State, 24 Fla. 363; State v. Gayette, 11 R. I. 592; Comm. v. Authes, 12 Gray, 29; Murphy v. Montclair, 39 N. J. 673; State v. Lemp, 16 Mo. 389;

State v. Houts, 36 Mo. 265; Kerhow v. Baner, 15 Neb. 150. It is not necessary that an indictment charging the sale of intoxicating liquors should state the name of the person to whom the sale was made. People v. Swertser, 1 Dak. 95; State v. Parnell, 16 Ark. 506; Dawsey v. State, 2 Son. 693; State v. Brown, 6 San. 638; Nelson v. U. S. 30 Fed. 112; State v. Ferrell, 30 W. Va. 683.

KELLAM J. Plaintiff in error was convicted in the Codington county circuit court of the crime of selling intoxicating liquors contrary to law. The case is here on writ of error.

In the formation of a trial jury, S. E. Donahue was · called as a juror. On examination as to his qualifications he testified that he knew what purported to be the facts in the case; that he had formed an opinion, founded mostly on newspaper reports, and still held it, that would ''certainly'' require evidence to remove, but that, in his opinion, he could, and would, if a juror, try the case fairly and impartially upon the evidence and instructions of the court. He was challenged for cause by plaintiff in error, and the defendant excepted. Section 7361, Comp. Laws, says: ''No person shall be disqualified as a juror by reason of having formed or expressed an opinion upon the matter or cause to be submitted to such jury, founded upon rumor, statements in public journals, or common notoriety, provided it appears to the court, upon his declaration, under oath or otherwise, that he can and will, notwithstanding such opinion, act impartially and fairly upon the matters to be submitted to him. The challenge may be oral, but must be entered upon the minutes of the court.'' Under this section, as construed and applied to facts in such cases as Stokes v. People, 53 N. Y. 164; Balbo v. People, 80 N. Y. 484; Spies v. People, 122 Ill. 262, 12 N. E. 865, and 17 N. E. 898; and Stout v. State, 90 Ind. 1,—this juror was probably competent, although we feel at liberty to express the opinion that it would have been better to have allowed the challenge. The law

itself, in our judgment, runs pretty close to the line of infringing the constitutional right of a defendant charged with crime to be tried by an "impartial jury." In Stokes v. People, *supra*, a similar law was held constitutional, though it is significant that two of the judges declined to express an opinion upon that question. The obvious purpose of the statute was to meet the often-encountered difficulty of securing jurors, competent under the common law rule, in cases which have become the subject of public discussion, from which proposed jurors have received an impression amounting to an opinion. It seems desirable to limit this very liberal statutory rule to cases where it is difficult to get other jurors, and to secure, as far as practicable, jurors for the trial of criminal cases, with no prepossessed opinions to be overcome, so that each juror shall, in the language of Lord Coke, "stand indifferent as he stands unsworn." But, taking the law from the statute book, the trial court was to determine as a question of fact whether the juror could and would, "notwithstanding such an opinion, act impartially and fairly." It found and decided that he could, and so disallowed the challenge. Under the statute cited, we could hardly justify ourselves in reversing its decision.

It is claimed in the assignment of errors that the indictment is bad for duplicity in that it charges sale to divers persons at divers times. This point was not argued in counsel's brief, but the question was fully considered in State v. Boughner (S. D.), 59 N. W. 736, and for reasons there stated it was held otherwise.

It is also assigned as error that witnesses were allowed to testify whose names were not indorsed on the indictment. Section 7236, Comp. Laws, requires that the names of the witnesses examined before the grand jury shall be inserted at the foot of the indictment, and section 7283 declares the effect of a failure to do so. These sections were applied in State v. Stevens, 1. S. D. 480, 47 N, W, 546, but we find nothing either

in the spirit or the letter of the law forbidding the state to use
other witnesses than those examined before the grand jury.
It would not subserve justice either to the state or to the ac-
cused, or promote a fair administration of the laws for the
punishment of crime, to deprive the state of, or to shield the
accused from, important and otherwise competent evidence,
because it was not discovered in time to be presented to the
grand jury. In Territory v. Godfrey, 6 Dak. 46, 50 N. W. 481,
this point was directly ruled upon adversly to plaintiff in error.
See, also, to the same effect, and under the same statute, State
v. Abrahams, 6. Iowa, 117; State v. McClintock, 8 Iowa, 203;
People v. Jocelyn, 29 Cal. 562. In Gardner v. People, 3 Scam.
83, in referring to a statute, not the same as ours in specific
terms, but the same in general effect, the court said: ''If such
a construction were placed upon this statute as would exclude
all witnesses whose names are not endorsed upon the indict-
ment, many offenders would go unpunished, not on account of
their own innocence, nor of the negligence of the state's attor-
ney, but by a defect of the law itself, or a narrow and illiberal
construction of it, not sanctioned by reason or justice." In
this case, notice of two days was given, that these witnesses,
whose names were not indorsed on the indictment, would be
sworn and examined by the state on the trial. We think there
was no error in allowing them to testify.

Upon the trial a number of witnesses were sworn whose
testimony is not given. Upon the conclusion of the state's
evidence the court, upon motion of defendant, it would seem
from the abstract, though the ruling is not expressly stated,
required the state to elect ''upon which of these sales they will
stand and rely for conviction, and the state elected to stand
upon the testimony of Jerry E. Kelly, or the sale testified to
by him." Defendant then asked the court to advise the jury
.that the evidence of this witness would not justify a conviction.
The court declined to do so. Plaintiff in error makes the same
claim here. The witness testified that he bought ''lager beer

of defendant.    Plaintiff in error urges that this was not evidence of a sale of malt or intoxicating liquor, and relies largely upon the decision of this court in State v. Brewing Co., 58 N. W. 1.    In that case it was held that the unqualified term "beer" did not necessarily mean a malt or intoxicating liquor. Here the thing sold was not simply "beer," but "lager beer," thus showing its character or quality, the very thing the lack of which in the case cited, controlled our decision.    We have no more hesitation in holding that the drink known as "lager beer" is intoxicating than we should have in holding that "spruce beer" is not, and we should put both rulings upon the same ground, to wit, that such is the common understanding, resulting from common observation.    There is nothing to be reconciled between the holdings in the Brewing Co. case and this.    The instruction of the court was abstractly wrong in telling the jury that "beer, whisky and lager beer" are presumed to be intoxicating, but, as applied to the facts in the case, could do no harm, for the evidence upon which the state elected to stand was confined to the sale of "lager beer." That evidence was positive and uncontradicted, and there was no evidence tending to show a sale of anything else.    The instruction could not have misled the jury.    It was therefor error without prejudice.    Shorter v. People, 2 N. Y. 193; Horner v. Wood, 16 Barb 391; Satterlee v. Bliss, 36 Cal. 489. See, also, Thomp. Char. Jur. § 117, and the many cases there cited.

It is further assigned as error that the trial court "refused to allow defendant's counsel to read to the jury the whole of the statute defining the crime," to-wit, what is known as the "Prohibitory Law."    In Massachusetts—which has probably gone as far as any state in adopting and maintaining the rule that in a criminal case the jury is the judge of the law as well as of the facts—it is held that the court may, in its discretion, and without error, limit counsel to the reading of the sections or provisions of the statute upon which the prosecution is

founded.   Com. v. Austin, 7 Gray, 51.   In this state, however, the jury is not the judge of the law.   Comp. Laws, § 7374.

It is next insisted that the court erred in not allowing defendant a new trial on the ground of the unauthorized separation of the jury while they were deliberating upon their verdict.   The facts appear to be as follows:   While the jury were considering the case, a fire was discovered in the courthouse.   The judge directed the bailiff in charge to take the jury out of the building, and keep them together.   Upon reaching the outside door, they encountered an excited crowd, and the bailiff was unable to keep the jury compactly together. They in fact separated from each other and from the officer for a short time "five minutes at the outside."   They were then gotten together, and so kept, until, the fire having been extinguished, they were, by the direction of the judge, taken to a restaurant for their dinner.   During their return in a body with the officer, one of them stepped inside the door of a grocery, the rest, with the officer, standing at the open door, and picked from the counter or shelf a package of tobacco, holding it up, and nodding to the clerk.   He then, no word having been spoken, rejoined the officer and his cojurors at the door.   Another juror stopped with the officer and jury at another grocery, and handed the proprietor a memorandum of goods to be sent to his home.   That a clerk then present, said that the juror's wife had ordered some goods.   The juror told him not to duplicate such goods as his wife had ordered.   This juror makes affidavit that he had no conversation with the clerk or any other person, except his fellow jurors, concerning or relating to this case.   We confess to a little hesitation upon these facts.   In Peterson v. Siglinger (S. D.), 52 N. W. 1060, we intended to express ourselves in favor of a reasonably strict rule for the protection of juries from possible outside interference, not because we believed in that case that the verdict was corrupt, but because we believed that the enforcement of such

a rule would strengthen the confidence of litigants in verdicts generally. In that case, however, whatever interference with the jury was shown was by the successful party to the verdict. Here nothing is shown to create a suspicion of any improper approach to any juror, except a possible opportunity therefor, during the few minutes of their separation on account of the fire at the courthouse. Keeping the jury together and by themselves is not an ultimate object. It is only a means for the accomplishment of an end, to-wit, protection from outside influence, and where it is reasonably certain that no such interference has been attempted, the rule ought not to be too severely applied. The late case of People v. Bemmerely, 98 Cal. 299, 33 Pac. 263, which was a homicide case, was stronger in its facts than this, but the court sustained an order refusing a new trial. While we do not put our decision on that ground, it may not be improper to say that upon the positive and direct testimony of Kelly, if believed, we cannot see how the jury could have done otherwise than convict. If this is true, the separation of the jury did not prejudice the defendant.

The only other questions raised are either such as were passed upon in State v. Becker (S. D.), 51 N. W. 1018, or questions relating to the constitutionality of specific sections or provisions of the law, not involved in this case, and hence not available to plaintiff in error, or legitimate questions for discussion upon this hearing. See State v. Becker, *supra.* The judgment of the circuit court is affirmed.