[Crim. No. 747. Second Appellate District, Division Two.—April 15, 1921.]

THE PEOPLE, Respondent, v. P. R. STOCK, Appellant.

[1] CRIMINAL LAW—CUSTODY OF JURY—VIOLATION OF INSTRUCTIONS—LACK OF PREJUDICE.—A violation by a bailiff of the court's instructions in leaving the jury for a brief interval in the charge of a deputy county clerk while he delivered the defendant to the jailer is not a sufficient ground for a new trial, in the absence of a showing of injury or prejudice resulting from such irregularity.

APPEAL from a judgment of the Superior Court of Orange County and from an order denying a new trial. R. Y. Williams, Judge. Affirmed.

The facts are stated in the opinion of the court.

Dick Foye Harding for Appellant.

U. S. Webb, Attorney-General, Arthur Keetch, Deputy Attorney-General, and John W. Maltman for Respondent.

FINLAYSON, P. J.—Defendant was convicted of forgery. From a judgment upon such conviction and an order denying a new trial he has appealed.

Upon retiring to deliberate upon their verdict, which was at the noon hour, the jurors were taken to lunch by the bailiff, into whose custody they had been ordered by the court. The bailiff was duly sworn to keep the jurors together in some private and convenient place, and not to permit any person to speak to or communicate with them, nor to do so himself unless ordered by the court or to ask them whether they had agreed upon a verdict. The jurors, in charge of the bailiff, together with defendant, who also was in custody

of the bailiff, descended the stairs leading from the court-room to the lobby of the courthouse. When they reached the courthouse lobby the bailiff, wishing to deliver his prisoner to the jailer at the county jail, asked a deputy county clerk, who was near by, to watch the jurors and see that no one talked to them while he took his prisoner to the county jail. The bailiff and his prisoner were gone about a minute and a half, when the former, returning, again assumed personal charge of the jurors at or near the corner of the courthouse grounds. Meanwhile, as shown by the testimony of both the deputy clerk and the bailiff, the jurors marched in double file from the lobby of the courthouse to the place where the bailiff rejoined them. The deputy clerk stood off at one side during all this time watching the jurors but holding no conversation with them. Not for an instant were the jurors separated; no one approached them; no one spoke to or conversed with them. They were in plain sight of the bailiff from the time he came out of the county jail after delivering the prisoner to the jailer.

[1] Though there doubtless was a technical violation of the court's instruction to the bailiff to take charge of the jury, we cannot say that there was such misconduct as to justify setting aside the verdict. The ultimate purpose of the court's instruction to an officer to take charge of the jurors is to prevent them from having improper intercourse with others. Their being placed in charge of the officer is merely a means of accomplishing that purpose. Therefore, the mere fact that the direction of the court is violated does not of itself give the defendant the right to have the verdict set aside, for it is possible that the jurors may not be affected by the irregularity. And though the officer who disregards his oath, or the court's instruction to take charge of the jury, fails in performance of his duty, and his conduct, if not explained so as to show that the defendant was not prejudiced thereby, is an irregularity that may be ground for a new trial, nevertheless, where, as here, it appears that no injury to the prisoner has followed from the irregularity, the verdict will not be disturbed. (*People* v. *Symonds*, 22 Cal. 352; *People* v. *Bemmerly*, 98 Cal. 299, [33 Pac. 263]; *People* v. *Cord*, 157 Cal. 562, 571, [108 Pac. 511].) It was clearly and affirmatively shown, by the very wit-

nesses whom defendant called to prove the conduct of which he complains, that the jurors were not affected thereby.

We do not think it necessary to discuss the claim that the uncorroborated testimony given by the complaining witness was not sufficient to identify appellant as the one who committed the crime. The credibility of the witness and the weight of his testimony were questions for the jury, and its decision thereon is final.

Upon a review of the whole case we find no error or irregularity entitling defendant to a new trial.

The judgment and order are affirmed.

Works, J., and Craig, J., concurred.