## STATE v. VAN NICE.

1. It is within the discretion of a trial court to allow a plea of not guilty to be withdrawn for the purpose of presenting a motion to set aside the indictment upon grounds which, if established, would be fatal to the verdict.

2. Where the refusal to exercise such discretion results in a substantial injury to the accused, the error will be corrected on appeal.

(Syllabus by the Court. Opinion filed May 22, 1895.)

Error to circuit court, Moody county. Hon. J. W. JONES, Judge.

Henry D. Van Nice appeals from conviction for adultery. Reversed.

The facts are stated in the opinion.

*Sawyer & Sawyer, Alexander & Fairlamb, (Horner & Stewart* of counsel) for plaintiff in error.

A motion to quash an indictment on the grounds of irregularities on the part of procuring a grand jury is addressed to the discretion of the court. Richards v. State, 82 Wis. 172; Adams v. State, 28 Fla. 511; State v. Colger, 30 Pac. 891; Early v. Commonwealth, 86 Va. 921; U. S. v. Gale, 109 U. S. 72; Elliot App. Proc. § 605; Tilton v. Beecher, 59 N Y. 176; Percival v. Percival 124 N. Y. 637; Leonard v. Green, 30 Minn. 496; State v. Fuller, 19 S. E. 797. Each indictment should be signed by the foreman and indorsed "A True Bill." Strange v. State 110 Ind. 354; State v. Buntin, 123 Ind. 124; Oliver v. Commonwealth, 25 S. W. 600. In prosecutions for adultery the fact of marriage must be proven. Bishop Mar., Div. and Sep. § 1033; Webb v. State, 5 S. W.651; State v. Hodgskins, 19 Me. 155; State v. Coffee, 39 Mo. 36; Green v. State, 21 Fla. 403; Webb v. State 24 Tex. 164; State v. Colby, 51 Vt. 291. Testimony tending to prove another act than the one charged in the indictment, although similar, but totally distinct in time, place and circumstances, is admissible as presumptive evidence, tending to support the state in its claim that the specific act charged and testified to was in fact done by the defendant. Bishop Statutory Crimes § 680; Peo. v. Jenness, 5 Mich. 322; State v. Potter, 52 Vt. 33; Bevaldo v. State, 21 Fla. 789; Commonwealth v. Curtis, 97 Mass. 574; Brevaldo v State, 14 La. 472. The appellate court in a criminal case will not hold error to be without prejudice unless it can be affirmed that no prejudice did result. Railroad v. O'Brien, 119 U. S. 99; State v. Gut, 13 Minn. 343; State v. Taylor, 24 S. W. 448. In order to warrant a verdict of guilty the corroborating evidence must not only be legal evidence, entitled to consideration, but creditable evidence, sufficient in quality and quantity to overthrow the doubt attaching to statements of an accomplice. People v. Ames, 39 Cal. 403; Id. v. Thompson, 50 Cal. 480; Id. v. Koerning, 34 Pac. 238; State v. Lenihan, 56 N. W. 292; Buchanan v. State, 24 S. W. 895; State v. Lawler, 28 Minn. 224; Montgomery v. State, 40 Ala. 648.

*Coe I. Crawford,* Attorney General and *H. D. James,* State s Attorney, for defendant in error.

A substantial compliance with the law in regard to impanelling a jury is sufficient. Savage v. State; 18 Fla. 909; State v. Larkin, 11 Nev. 325; People v. Coffneau, 24 Cal. 234; People v. Stacy 34 Cal. 308; State v. Bleekley, 18 Mo. 430. A motion to set aside the indictment must precede the plea, or it will be deemed to be waived. Van Hook v. State, 12 Tex. 268; Reed v. State, 1 Tex. App. 1; McElroy v. State, 9 Nev. 164; Barran v. People, 73 Ill. 258. Any person who was present is always competent to prove a marriage. 1 Bishop Mar. & Div. 498; Patterson v. Gaines, 6 How. 589; People v. Stokes, 12 Pac. 72; Kilburn v. Mullen, 22 Ia. 503; Jacobson v. Siddal, 7 Pac. 109.

FULLER, J. In the absence of counsel retained to defend in any civil action or criminal proceeding that might be instituted against him, plaintiff in error was arraigned upon an indictment for the crime of adultery, and thereupon, at the suggestion of a member of the bar, entered a plea of not guilty. The case was, by order of court, continued to the next term, when the defendant, appearing by his counsel and in person, moved the court for leave to withdraw his plea of not guilty for the purpose of interposing the following motion to quash the indictment: "Comes now the defendant, in the above-entitled action, and moves the court to set aside the indictment returned in the said action against the said defendant, on the 15th day of March, 1893, and alleges as the ground of his said motion the following facts, to wit: (1) That the list of names from which were drawn the names of the persons composing the grand jury by whom the said indictment was found and returned was not maintained at the full number of two hundred names, as required by law; and that the said grand jury was drawn from a list containing less than two hundred names: (2) That it nowhere appears in or upon the face of the said indictment that it was found or returned by a grand jury of the county of Moody. (3) That said indictment was not signed or subscribed by the foreman of the grand jury, nor by the state's attorney or by his deputy, nor by any member or officer of the grand jury, or any

officer of the court. That said motion is made upon all the records and files of the above-entitled action, and upon the records of the court in the custody of the clerk of said court for the March, 1893, term thereof, and the record book kept by the said clerk, which shows the list of persons from which jurors were drawn for the said circuit court for the said county of Moody from January 1, 1891, to the present time." The application to withdraw the plea of "not guilty" was supported by defendant's affidavit to the effect that the same was illadvisedly entered, and it may well be conceded that the motion to set aside the indictment was made in good faith, and for no other purpose than the reasons therein enumerated. Upon the hearing, the court entered an order which, so far as material, is as follows: "It appearing to the court that the said defendant, by the entry of his plea of not guilty, had waived the right to interpose a motion to set aside the indictment, and that the court has no jurisdiction to entertain the same, and the court being fully advised, it is ordered that the said motion be denied, and that the said defendant be not allowed to withdraw his said plea of not guilty for the purpose of filing said motion."

Among the numerous objections alleged to be apparent upon the face of the indictment are the following: That it does not appear to have been found by any grand jury; that it is neither indorsed "A True Bill" nor signed by the foreman of the grand jury or any member thereof, nor by the state's attorney or his deputy, or any other person authorized by the statute to sign an indictment. These questions were raised by a demurrer to the indictment, which was by the court overruled, and, upon the trial, the jury returned a verdict of guilty as charged, and the defendant appeals. The indictment contained in the abstract is signed, "E. L. Powers, State's Attorney of the County of Moody, by H. D. James, Deputy State's Attorney, Moody County," and, as contended by counsel for the defendant, the same does not appear upon the abstract to be indorsed "A True Bill," signed by the foreman of the grand jury as required by the Code of Criminal Procedure (Comp. Laws, § 7233). From the books and records

before the trial court it clearly appeared, and was conceded by written stipulation of counsel in open court, that the list of names from which were drawn the names of the persons composing the grand jury contained, at the time of the said drawing, less than the 200 names required by article 5 of chapter 8 of the Compiled Laws. As the ruling of the learned court upon the defendant's motion to withdraw his plea of not guilty, for the purpose of assailing the indictment by a motion to quash, is, in our opinion, reversible error, questions presented by the demurrer and the assignments of error relating to the charge of the court and the admission and rejection of evidence upon the trial will require no attention. That the court was without power and jurisdiction to entertain the application to withdraw the plea of not guilty, and that, by said plea, defendant had waived his right to move to set aside the indictment, was the express ground upon which the court in effect declined to act upon defendant's request to withdraw his plea, and refused to consider upon its merits the motion to quash. It now appearing that the defendant had been previously held to answer the action of a grand jury by an examining magistrate, any challenge that would have constituted a valid objection to the panel was available on a motion to set aside the indictment, and, while the motion should have been made before a plea was entered, it was clearly within the discretionary powers of the court to allow the plea of not guilty to be withdrawn, in the interest of justice, for the purpose of such motion. Richards v. State, 82 Wis. 172, 51 N. W. 652; Adams v. State (Fla.) 10 South. 106; Savage v. State, 18 Fla. 909; State v. Collyer, 17 Nev. 275, 30 Pac. 891; Early v. Com., 86 Va. 921, 11 S. E. 795; State v. Jones, 88 N. C. 671; Justice v. State, 17 Ind. 56; State v. Hale, 44 Iowa, 96; State v. Riffe, 10 W. Va. 794; People v. Villarino, 66 Cal. 228, 5 Pac. 154. We have been unable to find a case which holds that it is not within the sound discretion of a trial court to allow a plea to be withdrawn for the purpose of entertaining a motion to quash or set aside the indictment upon a ground which would be fatal to a verdict, and our attention has been called to no statutory provis-

ion, and we find none, which restricts or diminishes the common-law power of a court to allow such plea to be withdrawn for the purpose of moving to set aside the indictment. It has been noticed that the order of the court below was based solely upon the ground that said court had no discretion or jurisdiction to entertain the motion, and, as this court has recently held that a refusal to exercise an existing discretionary power will be corrected on appeal, a reversal must of necessity follow. Schaetzel v. City of Huron (S. D.) 60 N. W. 741; Champion v. Commissioners, 5 Dak. 416, 41 N. W. 739; Tilton v. Beecher, 59 N. Y. 176; Smith v. Dragert, 61 Wis. 222, 21 N. W. 46; Percival v. Percival, 124 N. Y. 637, 26 N. E. 540; State v. Fuller, (N. C.) 19 S. E. 797; Elliott, App. Proc. 605, and cases there cited. It fairly appears, from an examination of the record, that the refusal of the court to exercise its discretion worked a substantial injury to the defendant, and the judgment is for that reason reversed, and a new trial is granted.