## STATE v. ISAACSON.

1. An indictment under the statute, direct and certain as to time, place, and the party charged, is ordinarily sufficient, if the offense is described substantially in statutory language, fully apprising the accused of the nature and particular circumstances of the charge against him.

2. Although the statute requiring the names of all witnesses examined before the grand jury to be placed at the foot of the indictment or indorsed thereon is mandatory, the overruling of a motion to quash, made after plea, and for the reason that a name has been omitted, is not reversible error, when such witness is not allowed to testify on the part of the state, and it clearly and affirmatively appears that the accused was not injured by the exercise of the court's discretion.

3. Before the trial commenced, counsel for the prosecution, in open court, gave oral notice that certain witnesses not examined before the grand jury would be called on the part of the state, and it is *held* not necessarily error to allow such witnesses to testify, over an objection that said notice was not in writing and given at an earlier date.

4. A regardful examination of the record as presented discloses no erroneous ruling of the court on the admission or rejection of evidence, for which judgment of conviction should be reversed.

(Syllabus by the Court. Opinion filed Dec. 16, 1895.)

Error to circuit court, Grant county. Hon. J. O. ANDREWS, Judge.

Peter Isaacson was convicted of maliciously exposing poison, and brings error. Affirmed.

The facts are stated in the opinion.

*Thomas L. Bouck,* (*Horner & Stewart* of counsel) for plaintiff in error.

An indictment for a statutory crime should state the offense in the words of the statute, and it is not sufficient unless every fact necessary is charged, or necessarily implied, by following the words of the statute. Comm. v. Stout, 7 B. Mor. 247; Antony v. State, 29 Ala. 27; State v. Raines, 3 McCord, 533; 10 Am. and Eng. Ency. Law, 577. The indictment must charge the crime, and state the act constituting the crime. People v. Dumar, 106 N. Y. 502. The court has the power, and it is its duty, to set aside or modify a wrong or void judgment. Territory v. Conrad, 1 Dak. 363. A finding or verdict must show cause for sentence. State v. Atwood, 51 N. W. 1073. Where the facts stated in the information do not constitute a public offense objection to its sufficiency may be made at any time. People v. McKenna, 81 Cal. 158.

*Coe I. Crawford,* Attorney General, and *S. S. Lockhart,* State's Attorney for Grant county, for defendant in error.

FULLER, J. Under Sec. 6884 of the Comp. Laws, plaintiff in error was indicted for, and upon the trial found guilty of, the offense of maliciously exposing a poisonous substance, with the intent that the same should be taken by an animal, to wit, a certain horse. Omitting formal recitals, the indictment is as follows: "That Peter Isaacson, late of said county, yeoman, on the tenth day of May, in the year of our Lord one thousand eight hundred and ninety-five, at the county of Grant and the state of South Dakota, did commit the crime of maliciously exposing poison with intent that the same shall be taken by an animal committed as follows, to wit: That at said time and place the

said Peter Isaacson did willfully, maliciously, unlawfully and feloniously expose a certain poisonous substance, called 'strychnine,' with the unlawful, malicious, and felonious intent that the same should be taken by a certain animal, to wit, a horse, which said horse was then and there the property of one Albert C. Larson, which said poisonous substance, so willfully, unlawfully, maliciously and feloniously exposed by said Peter Isaacson, as aforesaid, was then and there taken into the stomach of said horse, from the effects of which poisonous substance, so as aforesaid taken into the stomach of said horse, the said horse then and there, on said tenth day of May, in the year one thousand eight hundred and ninety-five, died."

Upon the ground that the indictment did not state facts sufficient to constitute a public offense, a demurrer was interposed, and the action of the court in overruling the same is assigned as error. The indictment appears to be substantially in the language of the statute creating the offense, direct and certain as to time, place and the party charged, and the particular acts constituting the offense are set forth in ordinary and concise language, apprising the accused fully of the nature of the charge against him. In our opinion the demurrer was properly overruled.

After plaintiff in error had entered a plea of "not guilty," and before the case had proceeded to trial, his counsel learned for the first time that the name of a witness examined before the grand jury had not been inserted at the foot of the indictment or indorsed thereon, and a motion to set aside the indictment, based upon that ground, was made, and overruled by the court, as coming too late. Counsel for the accused then asked leave to withdraw the plea of "not guilty," for the purpose of renewing his motion to quash the indictment upon the ground above specified. The court in effect stated that the motion was made too late, and the application to withdraw the plea and move to set aside the indictment was denied. This ruling is assigned as error, and counsel maintains that the court

in effect declined to exercise its discretion, and the accused being thereby injured, the case is brought within the rule announced by this court in State v. Van Nice (S. D.) 63 N. W. 537; but we think the cases are clearly distinguishable. In the Van Nice case the court declined to consider the application upon its merits, or excerise its discretion, for the express reason that by pleading to the indictment the defendant had, in the opinion of the court, placed the subject matter of the motion beyond its power and jurisdiction; but in this case the court exercised its discretionary power, and refused to grant the motion because the accused had by his plea deprived himself of the absolute statutory right to have the indictment quashed, and had placed the matter within the exercise of a sound judicial discretion. Furthermore, the case of State v. Van Nice was reversed because the accused was prejudiced by the refusal of the court to exercise its discretion, in that the grounds upon which the motion was based, if established would have been fatal to a verdict. In this case the witness before the grand jury whose name was omitted from the indictment was in court, and made an affidavit in defendant's behalf, in support of the motion to set aside the indictment. The insertion of the name at the foot of the indictment would not more fully apprise plaintiff in error that the witness had testified before the grand jury than his affidavit to that effect read in open court before the trial commenced; and in view of the fact that upon the objection of the accused the witness was not allowed to testify upon the trial on the part of the state, but might have been called by the defendant, no prejudice could result from the ruling of the court upon the motion to quash the indictment. The provision of Sec. 7236 of the Comp. Laws, requiring the names of all witnesses examined before the grand jury to be placed upon the indictment is mandatory (State v. Stevens, 1 S. D. 480, 47 N. W. 546); and unless such names are inserted at the foot of the indictment or indorsed thereon, the indictment must be set aside, provided the motion to quash for that reason is made before a plea to the

indictment has been entered (Comp. Laws, Secs. 7283, 7284, 7286.) After such plea, it is clearly within discretion of the court to allow the same to be withdrawn, and to entertain a motion to set aside the indictment. State v. Van Nice, *supra.* Where a person indicted for a crime has inadvertently entered a plea without moving to quash upon an existing, though subsequently discovered, ground, which would have been fatal to such indictment if urged before the entry of the plea, the practice to permit a timely withdrawal of such plea, and to entertain a motion to set the indictment aside, has the sanction of usage, and is always commendable when allowed in the interest of justice. The matter being, however, within the sound legal discretion of the court, the burden was upon plaintiff in error to show substantial injury, and as the absence thereof affirmatively appears, the ruling of the court upon the motion to quash the indictment will not be disturbed.

Before the trial commenced, counsel for the prosecution gave oral notice in open court that certain witnesses not examined before the grand jury would be called on the part of the state, and in view of our statute there is no merit in the contention that such witnesses should not have been allowed to testify, because the motion was not in writing and given at an earlier time. State v. Church (S. D.) 60 N. W. 143, and cases there cited.

Over the objection of counsel for the accused the presecuting witness and owner of the horse mentioned in the indictment was allowed to testify as follows: "As soon as the horse died, Andrew Melander and myself cut the horse open and took out the contents of his stomach. I administered some of the contents of the stomach of said horse to a hen on the 11th day of May, 1895, and the hen died in ten or twelve minutes from the effects thereof." We think the evidence as to what he did was admissible. A nonexpert, shown to be familiar with evidentiary facts, may, when the expression of an opinion is not involved, ordinarily state the result of his observations with ref-

erence to such facts. An ordinary nonprofessional witness in possession of his faculties, who takes a section from the stomach of a horse, and feeds it to a hen, which dies in ten minutes after eating the same, may testify as to such facts, when material, for the same are as observable to him as to a professional witness. The objection, as made, did not go to the qualification of the witness, but was specifically directed to the evidence "relating to the administration of said contents to said hen," and not to the opinion of the witness as to the cause of the hen's death; and as no motion was made to strike out such evidence, counsel's contention concerning the same cannot prevail. The witness further testified that he applied to his tongue a substance which a doctor told him was strychnine and afterwards applied his tongue to some of the contents of the horse's stomach, which tasted like the substance given him by the doctor. This was not objected to as heresay testimony, and, no motion to strike the same out having been made, we would not be justified in reversing the case upon the assignment of error relating thereto. The state's attorney was allowed to propound a leading question to a witness, apparently hostile to the prosecution, but as the matter to which the question related was merely introductory, and the answer was without probative force, the question was allowable, and no injury resulted therefrom. The evidence of threats made by the accused at different times and places during the year immediately preceding the indictment, to the effect that he would kill animals owned by the prosecuting witness, was entirely competent. A regardful examination of the record as presented discloses no prejudicial error, and the judgment of conviction is affirmed.