## STATE, Respondent, v. McKEAN, Appellant.

### (190 N. W. 781.)

(File No. 5008.	Opinion filed November 28, 1922.)

1. **Criminal Law—Briefs—Appeal and Error—Motion Lies to Strike Appellant's Brief When Typewritten in Absence of Showing He Was Entitled to File in This Form.**

   Motion on behalf of the state lies to strike from the files appellant's typewritten brief, where nothing of record shows him entitled, under Rev. Code 1919, Secs. 4791, 4792, to file in this form.

2. **Criminal Law—New Trial—Newly Discovered Evidence—Application for New Trial upon Newly Discovered Evidence Not Favored, but Entitled to Consideration.**

   Application for new trial upon newly discovered evidence, though not favored, is entitled to consideration when made in good faith.

**3.  Criminal Law—Presumptions—New Trial—Affidavits Concerning Newly Discovered Evidence Assumed True in Considering Motion for New Trial.**

Affidavits of persons concerning newly discovered. evidence must be assumed to be true in considering appellant's motion for new trial.

**4.  Criminal Law—Newly Discovered Evidence—Testimony by Disinterested Witnesses May Constitute Newly Discovered Evidence, Though in Sense Cumulative of Testimony of Defendant's Brothers.**

Where upon prosecution for larceny only defendant's brothers testified, explaining his possession of complaining witness' suit case, affidavits of three other persons offered to support new trial, but also concerning defendant's possession, while in a sense cumulative, nevertheless showed new evidence, since disinterested witnesses might show stronger proof of innocence than the brothers' testimony.

**5.  Criminal Law—Newly Discovered Evidence—Defendant Held Not to Lack Diligence Where Previously Unaware Newly Discovered Witnesses Were at Scene of Alleged Offense.**

Where, in support of new trial for larceny, defendant offered newly discovered witnesses who saw his receipt from complaining witness of the latter's suit case, and who could therefore explain his possession, defendant, not before knowing of their presence, did not lack diligence in preparing trial, especially where, because of pressing family sickness he left vicinity of alleged offense immediately after preliminary examination.

Gates, P. J., and Sherwood, J., dissenting.

Appeal from Circuit Court, Tripp County; Hon. N. D. Burch, Judge.

Earnest McKean was convicted of grand larceny, and he appeals from judgment and order denying new trial. Judgment and order reversed.

*P. A. Hosford,* of Winner, for Appellant.

*Byron S. Payne,* Attorney General, and *Benj. D. Mintener,* Assistant Attorney General, for Respondent.

(4)   To point four of the opinion, Appellant cited: Spencer v. State (Tex. Cr. App.), 153 S. W. 853; State v. Coleman, 17 S. D. 594; State v. Laper, 26 S. D. 151.

Respondent cited: State v. Barnes, 26 S. D. 622.

POLLEY, J. Appellant was found guilty of grand larceny, and he has appealed from the judgment and from an order denying a new trial.

[1] Respondent calls the attention of the court to the fact that appellant's brief is typewritten, and that there is nothing appearing in the record herein to show that appellant was entitled to file a typewritten brief under the provisions of section 4791, 4792, R. C. 1919. Our attention should have been called to this matter by a motion to strike the brief from the files; and we would suggest to the Attorney General the propriety of making such a motion whenever a record does not show that such a brief could be properly presented. We do not deem that we would be justified in affirming this judgment without considering the merits of the appeal, or in now striking the brief from our files and granting time and opportunity for the service and filing of another brief, and delaying the disposition of this appeal. We will therefore consider the appeal upon its merits.

[2, 3] There are numerous assignments of error. None present questions meriting any consideration except the one presenting for review appellant's motion for new trial based upon newly discovered evidence. Appellant was convicted of the larceny of a suit case and its contents. Practically the only evidence against appellant was: First, the fact that the suit case and contents were found in his possession the day of the alleged theft, the theft being early in the morning, and the property being found in his possession the following afternoon; and, second, the fact that when it was found in his possession by the sheriff, who asked him whose suit case it was, he said it was his, and he did not, in any way at that time, explain how he came in possession of same. Upon the trial appellant and two brothers swore that upon the night when this theft was alleged to have occurred they attended a dance at the village of Witten; that at about 1:30 o'clock in the morning they went over to a barber shop and visited there a while; that they then went in front of the barber shop, took an auto truck to go out to their father's home a short distance in the country; that, after one of his brothers got into the truck, and while appellant and the other brother stood by the side of the truck, a stranger approached, and, speaking to appellant, stated that he understood that appellant was going to Winner that day

by truck or car, and wanted to know whether appellant would take a suit case, which he then carried, to Winner for him, as he himself was going to Winner on horseback that day; that he told this party he would take it for him; and that he then and there took the suit case. In support of his motion for new trial, appellant presents the affidavits of three persons, De Hardt, Hardacre, and Janek by name, all of whom swear that they saw some party approach the appellant and his brothers on the morning in question in front of the barber shop; that said party was carrying a suit case; and that, after handing the suit case to appellant, such party mounted a horse and rode out of town. The state contends that the trial court did not err in refusing a new trial notwithstanding these affidavits: First, because this evidence would be merely cumulative; and, second, that appellant had not shown due diligence in seeking to procure available testimony before the trial.

In our view of the case this position is not well taken. We are aware of the universal rule that applications for a new trial on the ground of newly discovered evidence are looked upon with disfavor; but, where the application is in good faith, it is entitled to the same consideration as though made on any other ground. If the affidavits of De Hardt, Hardacre, and Janek are true, and for the purpose of this motion they must be assumed to be true, then the defendant is not guilty; and, if a new trial is denied, it must be upon the sole ground that the defendant did not exercise due diligence in the preparation of the case for trial.

[4] It is true the newly discovered evidence is, in a general sense, cumulative, and it is the general rule that newly discovered evidence that is cumulative is not sufficient to warrant a new trial. But that rule should not be deemed controlling in this case. The two witnesses who testified at the trial as to the manner in which the suit case came into defendant's possession were both brothers of defendant. They were both interested in the result of the trial, and the jury may have thought that because of their anxiety to save their brother from conviction they would falsify their testimony. But this would not apply to the three parties who made the affidavits. They were in no manner related to defendant. They are all men of good standing in their community, and would not be presumed to have any interest in the result of the trial other than to see the defendant convicted if guilty.

[5] Nor do we think defendant should be charged with lack of diligence. In his affidavit filed in support of his motion he alleges that immediately after his arrest and preliminary examination the severe sickness of his children, who were in the state of Iowa, necessitated his leaving the vicinity of the alleged offense, that, owing to sickness in his family, he was unable to return to the place of trial until the evening before the beginning of the term of court, and that his case was the first to come on for trial. It does not appear that defendant or either of his two brothers knew that either of the three parties who made the affidavits saw them when they were getting into their car to leave Witten on the morning of the theft. There is nothing to indicate that they knew or had any reason to think that any one saw them. Why, then, should defendant be charged with lack of diligence? From whom should they have made inquiry? Not having known that either of these parties was present or saw him, there was nothing to suggest that he inquire of either of them, and there is nothing to indicate that any one else knew they were present.

We believe the showing made by defendant is sufficient to entitle him to another trial.

The judgment and order appealed from are reversed.

GATES, P. J., and SHERWOOD, J., dissenting.

Note—Reported in 190 N. W. 781. See American Key Numbered Digest, (1) Criminal Law, Key-No. 1130(3), 17 C. J. Sec. 3492; (2) Criminal Law, Key-No. 938(1), 16 C. J. 2708; (3) Criminal Law, Key-No. 959, 1924 Ann. to 16 C. J. 2762½; (4) Criminal Law, Key-No. 941(2), 16 C. J. Sec. 2728, 20 R. C. L. 297; (5) Criminal Law, Key-No. 939(2), 16 C. J. Sec. 2720.

On question of diligence in discovery of new evidence on which new trial is sought, see note 30 L. R. A. (N. S.) 1039.