STATE, Respondent, v. KELIHER, Appellant.

(194 N. W. 657.)

(File No. 5079. Opinion filed July 19, 1923.)

1. **Criminal Law—Appeal and Error—Evidence—Challenge of Sufficiency of Evidence to Support Verdict Does Not Warrant Review of Evidence.**

   A review of the evidence in a criminal prosecution is not warranted, under an assignment whereby defendant challenges the sufficiency of the evidence to support the verdict.

2. **Assault and Battery—Instructions—Assault—Instruction as to Provoked Assault Held Not Justified by Evidence.**

   In a prosectuion for assault with a dangerous weapon, with intent to do bodily harm, an instruction that a person cannot provoke an assault, in order that he may use a deadly weapon, and then shield himself, held improper, as not responsive to any evidence in the record.

3. **Criminal Law—Instructions—Instruction as to Provoked Assault, Not Sustained by Evidence, Held Harmless Error.**

   In a prosecution for assault with a dangerous weapon, an instruction that a person cannot provoke an assault, in order that he may use a deadly weapon, and then shield himself from the assumption that he was defending himself, although improper, as not supported by evidence, held harmless.

4. **Criminal Law—Instructions—Circumstantial Evidence—Reasonable Doubt—Instruction Applicable Only to Circumstantial Evidence Properly Refused, Where Evidence Direct.**

   In a prosecution for assault with a dangerous weapon with intent to do bodily harm, it was not error to refuse to instruct that, unless the facts and circumstances were so strong as to exclude every reasonable hypothesis except that of guilt, the jury must acquit; such instruction being applicable to circumstantial evidence only while all the evidence in the case was direct, other instructions as to reasonable doubt having been given.

5. **Criminal Law — Instructions—Dangerous Weapon—Assault—Instruction Assuming that Knife Used in Assault Was a Sharp and Dangerous Weapon, Held Not Erroneous.**

   In a prosecution for assault with a dangerous weapon with intent to do bodily harm, where it appeared that the instrument used was a knife, instructions assuming that such knife was a sharp and dangerous weapon were not erroneous; the evidence showing that the wound inflicted was a clean-cut one, 3½ to 4½ inches in length, and from an inch to 2½ inches in depth, and made with some sharp instrument.

6. **Criminal Law — Evidence — Trial — Admission in Evidence of Knives Similar to That Used in the Assault Held Not Prejudicial Error.**

In a prosecution for assault with a sharp and dangerous weapon with intent to do bodily harm, introduction in evidence of two other knives, claimed to be similar to the one used, but which was not introduced in evidence, held not error prejudicial to defendant; the length of the knife being immaterial.

7. **Criminal Law—New Trial—Newly Discovered Evidence—Newly Discovered Evidence Cumulative Merely, Not Ground for New Trial.**

In a prosecution for assault with a dangerous weapon with intent to do bodily harm, it was not error to refuse a new trial on the ground of newly discovered evidence, where such evidence was cumulative merely.

8. **Criminal Law—Information—Witnesses—Allowing Withdrawal of Plea, to Move to Quash Information, Because Names of Witnesses Not Incorporated, Held Within Discretion of Trial Court.**

Where a plea of not guilty in a criminal prosecution has been entered, before motion submitted to quash the information because of failure to insert the names of witnesses at the foot thereof, a withdrawal of the plea for the purpose of making the motion is within the discretion of the trial court, and unless it appears that the defendant is prejudiced by a denial of the request, such denial will not be disturbed on appeal, notwithstanding Rev. Code 1919, Sec. 4762, making failure to insert the names of witnesses at foot of information a ground for quashal.

9. **Constitutional Law—John Doe Proceedings—Criminal Law—Witnesses—John Doe Proceedings to Examine Witnesses Held Not to Violate Defendant's Constitutional Rights.**

John Doe proceedings by a prosecuting attorney, brought for the purpose of examining witnesses in a criminal case, held not to violate Const., Art. 6, Secs. 2, 7, 20; such proceedings in no manner interfering with defendant's preparation for trial, or preventing him from securing witnesses.

10. **Witnesses—John Doe Proceedings—Prosecuting Attorney—Use of Testimony Taken in John Doe Proceedings to Impeach Defendant's Witnesses Held Not Error.**

Where, in a criminal prosecution, the state's attorney had employed John Doe proceedings to examine witnesses, use of testimony taken in such proceedings to impeach the testimony of defendant's witnesses at the trial was not error.

Appeal from Circuit Court, Pennington County; Hon. Walter G. Miser, Judge.

Maurice Keliher was convicted of assault and battery with a sharp and dangerous weapon with intend to do bodily harm, and he appeals. Affirmed.

*Buell & Denu* and *Schrader & Lewis,* all of Rapid City, for Appellant.

*Byron S. Payne,* Attorney General, and *Vernon R. Sickel,* Assistant Attorney General, for Respondent.

(2) and (3)  To points two and three of the opinion, Appellant cited: Grissel v. Bank, 12 S. D. 93; Barker v. Coates, 34 S. D. 291; 14 R. C. L. 786; Thompson on Trials, Sec. 2295; Blashfield, Vol. 1, 183, Sec. 82; Sullivan v. Lyons et al, 31 S. D. 189, 140 N. W. 255; People v. Gleason, 122 Cal. 379; 55 Pac. 123; 14 R. C. L. 775, Sec. 43; Guinard v. Knapp-Stout (Wis.), 62 N. W. 625; Blashfield, 112, Sec. 58; Blashfield, 202, Sec. 89.

(5) and (6)  To points five and six, Appellant cited: Thompson on Trials, 2d Ed., Sec. 2181; Blashfield Instructions, 240, Sec. 104.

Respondent cited: State v. Page, 91 N. W. 313; Note in 21 L. R. A. (N. S.) 497; McNary v. People, 32 Ill. App. 58; Thomas v. State, 44 Tex. Cr. Rep. 344, 72 S. W. 178; Ex Parte Nettles, 58 Ala. 268; Baker v. State (Tex.), 81 S. W. 1215; People v. McNutt (Cal.), 29 Pac. 243; Walters v. State, 35 S. W. 652; Notes, Ann. Cas. 1912A, 1332.

(7)  To point seven, Appellant cited: Wilson v. Seaman, 15 S. D. 105; Oberlander v. Fixen & Co. (Cal.), 62 Pac. 254.

Respondent cited: State v. Wagemann, 183 N. W. 112; People v. Fong Ah Sing (Cal.), 11 Pac. 323; State v. Buchanan (R. I.), 79 Atl. 1114; State v. Jones (So. Car.), 26 S. E. 652; Hogan v. State (Tex.), 147 S. W. 871; State v. Molitz (Utah), 122 Pac. 86.

(9) and (10)  To points nine and ten, Appellant cited: State v. Heffernan, 24 S. D. 1; 8 R. C. L. 90, Sec. 48.

POLLEY, J.  Appellant was convicted of an assault and battery with a sharp and dangerous weapon with intent to do bodily harm without justifiable or excusable cause.  The defense

admits that appellant struck and inflicted a severe wound on the complaining witness with a knife, but claims that he did it in defending himself against an unprovoked assault made upon him by complaining witness. The state admits that complaining witness struck appellant, but claims that it was not done until after he had been assaulted by appellant with the knife.

[1] Appellant challenges the sufficiency of the evidence to support the verdict. A review of the evidence under this assignment is not warranted. Suffice it to say that, if the evidence upon which the verdict is based is competent to go to the jury, and was submitted to the jury under proper instructions, the evidence is abundantly sufficient to support the verdict.

[2] The court instructed the jury that a person cannot provoke an assault in order that he may use a deadly weapon, and then shield himself on the assumption that he was defending himself. This instruction is excepted to on the ground that there was no conduct on the part of the defendant and no evidence in the record to which such instruction is applicable. We are unable to see the pertinence of this instruction. The evidence on the part of the state is to the effect that appellant and the complaining witness met on the sidewalk in Rapid City; that defendant made an offensive remark to the complaining witness; that a quarrel ensued, and that defendant, without any provocation whatever, struck the complaining witness with a large pocketknife, which he had in his hand when he met the complaining witness; that no assault in the meantime had been made by the complaining witness, and that there had been no act of any kind to put the appellant on his defense. Therefore the instruction complained of is not responsive to any evidence in the record.

[3] But, on the other hand, we are unable to see how said instruction prejudiced the defendant in any manner. The issue before the jury was: Did the complaining witness make such an assault or such a demonstration as to justify the defendant in using the knife in the manner he did. This was fairly submitted to the jury under proper instructions by the court, and the jury by its verdict found against the defendant.

[4] Appellant requested the court to instruct the jury that, unless the facts and circumstances in this case are so strong as to

exclude every reasonable hypothesis, except that he be guilty, their verdict must be "not guilty." This instruction was refused, and error assigned. There was no error in refusing this instruction. In the first place, this instruction is applicable to circumstantial evidence only, while all the evidence in this case is direct; and, in the second place, the jury was told repeatedly and in various ways that, unless they were convinced by a preponderance of the evidence and beyond a reasonable doubt that appellant was guilty, they must acquit him.

[5]   No evidence was offered at the trial for the purpose of proving that the knife used by defendant was a sharp and dangerous weapon, yet the court on several occasions in the course of the instructions assumed that such knife was a sharp and dangerous weapon. This is assigned as error. We think the court was warranted in this assumption. The undisputed evidence shows that the wound inflicted by the defendant was a "clean-cut" wound, "3½ inches to 4½ inches in length," and from "an inch to 2½ inches in depth," and was made by "some sharp instrument." This is sufficient proof that the knife was a sharp and dangerous weapon.

[6]   The knife used by defendant was not in the possession of the state, and was not offered by the state in evidence, but two other knives, claimed to be similar to the one used by appellant, were admitted in evidence. This is assigned as error. The purpose of putting these knives in evidence was probably to show that the knife used by the appellant was capable of inflicting the wound on complaining witness. Why this was necessary from the standpoint of the prosecution, or how it prejudiced the appellant, we are unable to see. It is self-evident that the knife used by appellant was capable of doing what was done with it, and it is not material whether it was a foot long or only 2½ inches.

[7]   One of the grounds upon which a new trial is asked is newly discovered evidence. This evidence is shown by the affidavit of one Ed. Cessna, who states that he was present at the time of the affray between appellant and complaining witness, that he was in a position to observe and did observe just what happened on that occasion, and that the complaining witness was the aggressor, so far as the assault is concerned. This at best is only the conclusion of the witness, without stating the facts upon which

such conclusion is based. But, aside from the weakness of the affidavit in this respect, the affiant's testimony would be cumulative in the highest degree. There were some seven or eight bystanders in as good position to observe everything that happened as affiant was, and they all testified at the trial. There is nothing in the affidavit to indicate that the affiant's testimony would be at all different from that of several of the other witnesses who testified on appellant's behalf, or that the result of another trial would be at all different from the first.

[8] It appeared at the trial that, shortly after appellant had been bound over on the charge contained in the information, the state's attorney had instituted what is known as "John Doe" proceedings in one or more justice courts in the county, where certain parties were called and sworn and examined touching their knowledge of said offense. The testimony so taken was transcribed and preserved by the state's attorney. Such proceedings were had in the absence of and without the knowledge of appellant, and the transcript of the testimony so taken was not filed with the other proceedings in the circuit court or at all. At the opening of the trial appellant asked leave of the court to withdraw his plea of not guilty, in order that he might move to quash the information, upon the ground that the same does not contain the names of all the witnesses known to the state's attorney. The motion was denied, and error is assigned. Upon the authority of State v. Isaacson, 8 S. D. 69, 65 N. W. 430, this motion was properly denied because it came too late. Under the provisions of section 4762, failure to insert the names of the witnesses at the foot of the information is made a ground for quashing the information; but where the plea has been entered before motion is made, the withdrawal of the plea for the purpose of making the motion becomes a matter of discretion for the trial court, and, unless it is shown that the defendant is prejudiced by a denial of the request, such denial will not be disturbed on appeal. In this case it is not shown that the rights of the appellant were in any manner prejudiced by the court's denial of the request.

[9, 10] It is contended by appellant that the John Doe proceedings above referred to violate the provisions of sections 2, 7, and 20 of article 6 of the Constitution. But this contention is wholly without merit. The John Doe proceeding in no manner

interfered with the appellant's preparation for trial, or prevented him from securing his witnesses. Neither is there any merit in the contention that testimony taken at the John Doe proceeding was read to the jury at the trial. Some of this testimony was used to impeach the testimony of one of the defendant's witnesses at the trial, but there was no error in this.

The other assignments have all been examined, but we find no prejudicial error.

The judgment and order appealed from are affirmed.

SHERWOOD, J., concurs in result.

DILLON, J., not present.

Note.—Reported in 194 N. W. 657. See, Headnote (1), American Key-Numbered Digest, Criminal law, Key-No. 1159(2), 17 C. J., Sec. 3486; (2) Assault and Battery, Key-No. 96(3), 5 C. J., Sec. 342; (3) Criminal law, Key-No. 1172(6), 17 C. J., Sec. 3690; (4) Criminal law, Key-No. 814(17), 16 C. J., Sec. 2433; (5) Criminal law, Key-No. 761(10), 16 C. J., Sec. 2320; (6) Criminal law, Key-No. 1169(1), 16 C. J., Sec. 3662; (7) Criminal law, Key-No. 941(1), 16 C. J., Sec. 2727; (8) Criminal law, Key-No. 1149, 16 C. J., Sec. 731; (9) Constitutional law, Key-No. 257, Criminal law, Key-No. 574, 666(2), Witnesses, Key-No. 2(2); Criminal law, 16 C. J., Sec. 970—1924 Anno.; (10) Witnesses, Key-No. 379(9), 40 Cyc. 2713.

On cumulative evidence as ground for new trial in criminal cases, see note in 46 L. R. A. (N. S.) 903.