STATE, Respondent, v. SMITH, Appellant.

(197 N. W. 231.)

` (File No. 5418. Opinion filed February 11, 1924.)

1. **Criminal Law—Committing Magistrates—Preliminary Hearing— Failure of Committing Magistrate in Preliminary Examination to Make Order Holding Accused to Answer Held Not Jurisdictional Defect.**

Failure of committing magistrate on preliminary examination of accused under Rev. Code 1919, Sec. 4581, to make formal order holding accused to answer, required by section 4581, held not to affect jurisdiction of trial court after information was filed, in view of sections 4707-4762.

2. **Witnesses—Cross-Examination—Trial—Refusal to Permit Cross-Examination of State's Witness as to Hostility to Codefendant Held Not Error.**

In a felony prosecution refusal to permit cross-examination of state witness as to his hostility to G., a codefendant but tried separately, held not error in the absence of showing witness was hostile to accused.

3. **Witnesses—Refusal to Permit Showing on Cross-Examination that Witness Was Intoxicated and His Mentality Impaired Held Not Prejudicial Error.**

Where, in a prosecution of accused for larceny of three steers which he butchered, witness's examination of the hides and heads was made on Sunday morning, and his alleged intoxication took place on Sunday night, refusal to permit cross-examination of witness to show intoxication and impairment of mental perception and memory at time of examination, held not prejudicial error.

4. **Criminal Law—Confessions—Alleged Confession Held Not Admitted Without Proper Preliminary Evidence.**

In a felony prosecution, permitting testimony as to an alleged confession held not error as against the objection that it was admitted without requiring a foundation showing same

was voluntarily given, and after it had been shown that it was given pursuant to a threat of prosecution, and after a promise of reward had been given.

5. **Criminal Law—Confessions—Appeal and Error—Refusal to Admit Alleged Written Confession After State's Witnesses Testified to Statements Leading to It Held Error, but Not Prejudicial.**

   In a prosecution for larceny of three steers alleged to have been stolen and butchered by accused and G., refusal of trial court to receive in evidence confession taken by the prosecuting attorney, and stated to contain matter to which state's witnesses testified, and identified by state, but not offered in evidence by the state, but offered by accused to show whole transaction, and to impeach testimony of sheriff that accused did not state G. claimed ownership of steers, held error, but not prejudicial, where its admission would have strengthened the state's case with respect to identification of butchered steers.

6. **Criminal Law—Jury—Instructions—Error in Instructions as to Degree of Proof Necessary to Conviction Held Cured.**

   An error in a part of an instruction as to what constitutes the degree of proof necessary to conviction was cured by another part of the instruction which clearly stated the law.

7. **Criminal Law—Instructions—Waiver—Alleged Defect in Instructions Not Assigned as Error at Settlement of Instructions Not Available on Appeal.**

   An alleged defect in an instruction which was not raised at the time of settlement of the instructions cannot be urged on appeal.

Appeal from Circuit Court, Corson County; HON. W. F. EDDY, Judge.

W. L. Smith was convicted of larceny, and he appeals from the judgment and from an order denying a new trial. Affirmed.

*Morrison & Skaug,* of Mobridge, for Appellant.

*Buell F. Jones,* Attorney General, and *Benj. D. Mintener,* Assistant Attorney General, for Respondent.

(1) To point one of the opinion, Appellant cited: 16 C. J. 334, 730; State v. Sonnenschein, 37 S. D. 139, 156 N. W. 906; State v. Lennick (N. D.), 182 N. W. 458; People v. Wallace (Cal.), 29 Pac. 950; People v. Tarbox (Cal.), 46 Pac. 896.

(2) To point two, Appellant cited: State v. Smith, 44 S. D. 305, 183 N. W. 873; People v. Brooks, 131 N. Y. 321, 30 N.

E. 189; 2 Elliot on Evidence, Sec. 973; Wigmore on Evidence, Sec. 948-959; Hartzel v. Wagner, 35 S. D. 175, 125 N. W. 693; State v. Rutledge, 135 Iowa 581, 113 N. W. 461; People v. Turney, 124 Mich. 542, 83 N. W. 273; State v. Dee, 14 Minn. 35.

Respondent cited: State v. Montgomery, 17 S. D. 500; Johnson v. Gilmore, 6 S. D. 276; State v. Finch, 70 Ia. 315, 30 N. W. 578, 59 Am. Rep. 443; People v. Jennings (Ill.), 96 N. E. 1077; Ogden v. People, 134 Ill. 599; 1 Wigmore on Evidence, Sec. 660; 16 C. J. Sec. 1042; State v. Scott, 37 N. D. 105, 163 N. W. 810; 28 R. C. L. 615.

(3) To point three, Appellant cited: Mace v. Reed, 62 N. W. 186; Femings v. State, 5 Humph. 564; Willis v. State, 61 N. W. 254; State v. Swartz, 126 Pac. 1091; Bliss v. Beck, 90 Neb. 290, 114 N. W. 162, 16 Ann. Cas. 366; State v. Patterson, 24 N. C. 346, 38 Am. Dec. 669; Davis v. Roby, 64 Me. 427; People v. Schuyler, 106 N. Y. 298, 12 N. E. 783; Green v. State, 53 Tex. 490, 110 S. W. 920, 22 L. R. A. (N. S.) 706.

(4) To point four, Appellant cited: 16 C. J. 717-735; 3 Enc. of Evidence, 301-314; State v. Allison, 24 S. D. 622, 124 N. W. 747; State v. Storms, 11 Iowa 835, 85 N. W. 610, 86 A. S. R. 380; State v. Staley, 14 Minn. 105, Gil. 75.

Respondent cited: State v. Squires, 48 N. H. 364; State v. Landers (S. D.), 114 N. W. 717; State v. Vey (S. D.), 114 N. W. 719; Washington v. State, 106 Ala. 58; State v. Staley, 14 Minn. 105.

(5) To point five, Appellant cited: 16 C. J. 571; 16 C. J. 634; 3 Enc. of Evid. 348.

(7) To point seven, Appellant cited: 16 C. J. 1054; 14 Enc. of Proc. 800; State v. Evans, 12 S. D. 473.

Respondent cited: McCarney v. People, 83 N. Y. 408; State v. Pugsley, 75 Ia. 742; State v. Cassidy, 12 Kan. 550.

GATES, J. Defendant appeals from a judgment of conviction for grand larceny and from an order denying a new trial.

[1] Appellant's first point is that the committing magistrate did not comply with the requirement of section 4581, Rev. Code 1919, and therefore that the trial court was without jurisdiction to try the case. It is true that the magistrate did not literally

comply with that section, but the transcript from the magistrate shows:

"Defendant appeared, and hearing was had, and after hearing the evidence the court decided to hold the defendant to the next term of the circuit court. Bond was fixed at $2,000, which was furnished and accepted and defendant released."

As pointed out in State v. Johnson, 34 S. D. 601, 149 N. W. 730, the statute (now section 4707, Rev. Code 1919) does not require that an order be made holding the accused to answer before an information can be filed, but only that a preliminary examination shall be had. Also as pointed out in said case, the statute (now section 4762, Rev. Code 1919) does not constitute irregularities in, or omission to make, the order required by section 4581, Rev. Code 1919, a ground for quashing the information. Hence it cannot be said that the failure of the committing magistrate to comply with said section 4581 affects the jurisdiction of the trial court after the information is filed. We do not need to consider what appellant's rights might have been had he proceeded to test the validity of his committment by habeas corpus before the filing of the information.

The next point is that error was committed in permitting the witness Eckert to testify as to the ownership of the stolen cattle without requiring a proper foundation for such testimony. The record shows that Eckert was qualified to give such testimony.

[2] It is next urged that the court erred in refusing permission to cross-examine Eckert as to his hostility to Godfrey, who was a codefendant, but who was tried separately. If the defendant and Godfrey had been tried together, no doubt the trial court should have permitted such cross-examination; but, under the circumstances, we can perceive no error in the ruling. It is not claimed that the witness was hostile to this defendant.

[3] The next complaint is stated in the following language:

"The court also refused to permit the appellant to show by cross-examination of the witness Eckert how much he had been drinking at the time when he made the examination of the hides and heads about which he testified, and refused to permit the appellant to show that such witness was intoxicated at the time in question, and that by reason of such intoxication the powers of

perception and memory of the witness was impaired, thereby depriving the jury of evidence affecting the credibility of the witness and the weight of his testimony."

The record shows that the time of the alleged intoxication was Sunday night, whereas the time he made the examination of the heads and hides of the cattle was Sunday morning. We perceive no prejudicial error in the rulings.

[4] Appellant next complains as follows:

"The court permitted the state to introduce evidence of an alleged confession without requiring any foundation showing that same was voluntarily given and permitted evidence on behalf of the state of said confession after it had been shown that same was given in pursuance of a threat of prosecution and after language had been used implying a promise of reward if a statement was made."

The admissions claimed to have been made by appellant are detailed under the next paragraph. We do not think that the law upon this question as laid down in State v. Landers, 21 S. D. 606, 114 N. W. 717, and State v. Vey, 21 S. D. 612, 114 N. W. 719, was violated.

[5] It is next urged that prejudicial error was committed by the trial court in refusing to receive in evidence an alleged written confession. The information in this case jointly charged defendant and one Godfrey with the crime of larceny of three steers, the property of the C. O. D. Cattle Company. Separate trials were had. It appears that appellant and Godfrey gathered up some cattle and butchered them. It appears that three steers and one cow were butchered, and that the cow belonged to appellant. The testimony on the part of the state tended to show that the three steers were the property of the C. O. D. Cattle Company, and branded "19." Upon the witness stand both appellant and Godfrey testified that two of the steers were branded "L—" and one branded "6—G." The sheriff testified in regard to a conversation with appellant shortly after the butchering:

"I cannot give the exact words, but he wanted to know what this was all about, and I told him I guessed he ought to know; and he said, 'Is it about the butchering?' and I said, 'Yes.' He then said, 'I only butchered one cow, and that was my own.' I

would not say the exact words I used, but I said, 'That story alone will convict both of you, because Mr. Godfrey said he butchered the cow and you butchered three steers.' He said, 'For God's sake, Andy, is there not some way out of this under the circumstances?' I said, 'Yes; make a clean breast of it, and tell us all you know.' He said, 'All right'; he would do so. I said, 'Go on and tell us what you did. * * * He said he butchered one cow and Godfrey three steers. I asked him what those were, and he said one was a G—6 and two steers belonged to the C. O. D. Cattle Company. I said, 'Do you want to make that as a confession?' and he said, 'Yes.' I said, 'I will call the state's attorney, and you can say it in his presence.' I called out the state's attorney, and he repeated the same words in substance. * * * The state's attorney said, 'We will go over some place and write this up'; and we proceded over to the bank, at that time which was in the hotel, where we made up the statement and he signed it. I cannot remember the words in detail as to what was said by Mr. Sutcliffe and the defendant when we got over to the bank, but anyway he went ahead and prepared this statement, and when he got to where he was to identify those cattle he said, 'How were they branded, C. O. D.?' or 'Were they branded C. O. D.?' 'No,' he said; 'they were branded 19 on the right shoulder.' He then completed the statement and read it to him and had him swear to it under oath, and he signed it. I signed the statement as a witness. * * * Mr. Sutcliffe wrote down what Mr. Smith said, and I do not suppose he wrote down anything he did not say. He wrote down the substance of his confession.

"Q. I am asking you, did Mr. Smith say that Mr. Godfrey claimed these steers? A. He said he butchered them. He did not say anything about claiming them. ،

"Q. Did Mr. Smith at that time say Godfrey claimed those steers? A. No, sir.

"Q. He never did? A. No, sir.

The state's attorney, Mr. Sutcliffe, testified, in substance, the same as the sheriff except as to the last portion above given by question and answer. The state's attorney also testified:

"I wrote down in the statement the substance of what Mr. Smith told us. I did not write anything in the statement that he

did not tell us. I wrote down all of the important things he told us."

The alleged confession Exhibit A was identified by the state but was not offered in evidence by it, and the court refused to permit its reception upon appellant's offer. Appellant urges that this was prejudicial error; that it was admissible as tending to show the whole transaction testified to by the sheriff and state's attorney and as tending to impeach the testimony of the sheriff to the effect that appellant had not stated that Godfrey claimed the steers. The state urges that it was merely a self-serving declaration. The alleged confession Exhibit A is as follows:

"State of South Dakota, County of Corson—ss:

"W. L. Smith, being first duly sworn, says: That this statement is made of my own free will and accord and without any promise of leniency being made to me. That I know Frank Godfrey of Wakpala, S. D. That my ranch is about two miles from his. That I had a cow to butcher and was talking with Frank Godfrey, who informed me that he was going to butcher, so we agreed to butcher together. I got my cow Friday afternoon, January 6, 1922, and met Godfrey, who had three steers and two milk cows, which with my cow we put in the corral. We went out to his ranch Saturday, the 7th, and butchered the three steers, which Godfrey claims was his, and my cow. The steers were described as follows: All were large three year olds. Two of them were branded 19 on the right shoulder. The other was a bald face steer with horns. Other two were dehorned. My cow was branded LA, right hip. We cut the meat into quarters. I had sold my cow to Walter Strongheart, so I left same at the Godfrey ranch where it was gotten by Strongheart. Part of Godfrey's meat was loaded into a bob sled and brought to town. The sides were thrown into the barn. I stopped Sunday while going by to get my hide but it as well as the other three was gone. I have not seen them since.                    W. L. Smith.

"Witnesses:
    "S. A. Severson.
    "A. C. Striegel.

"Subscribed and sworn to before me this 10th day of January, 1922.                    C. E. Sutcliffe, Notary Public, S. D."

We are clearly of the opinion that the trial court erred in refusing to admit this document in evidence upon both of the grounds urged, but we are not clear that the error was prejudicial. While the exhibit did tend to impeach a comparatively unimportant portion of the sheriff's testimony, it also tended to impeach both the testimony of Godfrey and the testimony of appellant as to the identity of the butchered steers—a most important question. As we view the record it strikes us that the case made by the state would have been strengthened by the admission of the document rather than weakened, and we therefore cannot find that the error was prejudicial.

[6, 7] The trial court gave the following instructions requested by the state (italics supplied by appellant) :

"The court instructs the jury as a matter of law, that if in this case *they are not satisfied beyond a reasonable doubt that the defendant, W. L. Smith, did commit the crime of grand larceny charged in the information,* but that such property was in fact taken by one Frank Godfrey, but that the defendant, W. L. Smith, did aid and abet said Godfrey in the commission of the crime of larceny, then the defendant Smith would be guilty as a principal, and it would be your duty to return a verdict finding the defendant, W. L. Smith, guilty of grand larceny, as charged in the information."

The exception taken thereto was as follows :

"The defendants except to the giving of the said requested instructions for the reason that said instructions does not state the law correctly and is not the law in that it misleads the jury on the question of the degree of proof that is required to find the defendant guilty and does not give the jury the correct rule as to the degree of proof and does not instruct the jury that they must find the defendant guilty beyond a reasonable doubt, but that said instruction would lead the jury to believe if the witness Godfrey took the property involved in this action and the property descibed in the information and that the defendant merely aided and abetted such taking they could find the defendant guilty of the crime charged in the information; that said instruction is not the law and violates the rights of the defendant and misleads the jury as to its substantial rights."

The form of the instruction is not to be commended, but the exception taken thereto goes only to the degree of proof which was fully taken care of in another portion of the instructions. It is now urged that the objectionable instruction brings the case within the rule laid down in State v. Stewart, 37 S. D. 263, 157 N. W. 1046; but that point was not brought to the attention of the trial court at the time of the settlement of the instructions, and may not now be urged before us. Trial courts rule 26, 40 S. D., prelim. page 26.

Finding no prejudicial error in the record, the judgment and order denying new trial are affirmed.

Note.—Reported in 197 N. W. 231. See, Headnote, American Key-Numbered Digest, (1) Criminal law, Key-No. 240, 16 C. J. Sec. 605 (1925 Anno.); (2) Witnesses, Key-No. 370, 40 Cyc. 2666; (3) Witnesses, Key-No. 327, 40 Cyc. 2574; (4) Criminal law, Key-No. 531(3), 16 C. J. Sec. 1512; (5) Criminal law, Key-Nos. 530, 1170(1), 16 C. J. Sec. 1481, 17 C. J. Sec. 3679; (6) Criminal law, Key-No. 823 (10), 16 C. J. Sec. 2495; (7) Criminal law, Key-No. 1038 (1), 16 C. J. Sec. 2514.

On question of admissibility in evidence of confessions induced by hope or fear, see notes in 18 L. R. A. (N. S.) 804, and 50 L. R. A. (N. S.) 1086.